2012 Ark. 105

**Ae SAMONTRY and Pornpiemon Phouangmany, Appellants**

v.

**STATE of Arkansas, Appellee.**

**No. CR 11–985.**

Supreme Court of Arkansas.

March 8, 2012.

Reggie Paul Koch, Little Rock, for appellant.

Dustin McDaniel, Atty. Gen., Rebecca B. Kane, Office of Atty. Gen., Little Rock, for appellee.

ROBERT L. BROWN, Justice.

This is an interlocutory appeal from the circuit court's disqualification of Reggie Koch as counsel for appellants, Ae Samontry and Pornpiemon Phouangmany. We dismiss the appeal with respect to Samontry and reverse Koch's disqualification as counsel for Phouangmany.

We first address whether an interlocutory appeal is the proper procedure. In civil matters, an interlocutory appeal may be taken from an order disqualifying an attorney from further participation in the case. *See* Ark. R.App. P.—Civ. 2(a)(8) (2012). There is no corresponding rule in the Arkansas Rules of Appellate Procedure—Criminal. In *Price v. State,* 313 Ark. 96, 852 S.W.2d 107 (1993), however, our decision implied that had the removal of counsel in that case been based on a motion filed by opposing counsel on ethical grounds, the interlocutory appeal in that criminal case would have been proper under Rule 2(a)(8).

This court also has applied the civil rules of appellate procedure to civil *and* criminal cases in certain specific circumstances. *See, e.g., Roy v. State,* 367 Ark. 178, 238 S.W.3d 117 (2006) (stating that, when determining the timeliness of a record on appeal, the Arkansas Supreme Court clerk applies Arkansas Rule of Appellate Procedure—Civil 5(b)(1) to both civil and criminal cases); *see also Byndom v. State,* 344 Ark. 391, 404, 39 S.W.3d 781, 788 (2001) (quoting favorably *Osborn v. State,* 340 Ark. 444, 448, 11 S.W.3d 528, 531 (2000) (Glaze, J., concurring) (recognizing that "[w]hile our Rules of Appellate Procedure—Criminal do not specifically mention

cross appeal, as such, our Rule of Appellate Procedure—Civil clearly do (*see* Ark. R.App. P.—Civ. 3(d))), and these civil appellate rules have commonly been referred to and applied when necessary in criminal appeals"). Using Arkansas Rule of Appellate Procedure—Civil 2(a)(8) as authority for this interlocutory appeal in this criminal case, we hold that Samontry and Phouangmany properly filed an interlocutory appeal from the order disqualifying their counsel.

The facts leading up to this interlocutory appeal began on May 12, 2010, when Samontry and Phouangmany were arrested for prostitution and promoting prostitution. Jerry Richard, Samontry's ex-husband, was also arrested and charged with promoting prostitution. Samontry and Phouangmany, who were represented by Dan Hancock, and Richard, who was represented by Reggie Koch, were tried by the Cabot District Court in Lonoke County. On October 4, 2010, Samontry was found guilty of prostitution and second-degree promoting prostitution by the district court, and Phouangmany was found guilty of prostitution. Richard, however, was acquitted of all charges. Samontry and Phouangmany then retained Koch as their attorney and appealed their convictions to the Lonoke County Circuit Court.

On January 12, 2011, the plea and arraignments for Samontry and Phouangmany were rescheduled for February 22, 2011. On February 22, 2011, Koch entered an appearance as counsel for both defendants, entered pleas of not guilty, and requested a jury trial. The trial was then set for June 21, 2011. On June 7, 2011, two weeks prior to trial, the State moved to disqualify Koch as counsel for defendants.[1] In its motion, the State con-

---

1. The only motion included in the record of    this appeal is the State's motion to disqualify

tended that Koch represented Jerry Richard, Samontry's ex-husband, in the original proceedings before the district court. The State alleged that under Arkansas Rules of Professional Conduct 1.6, 1.7, and 1.9, it would be impossible for Koch to represent Phouangmany faithfully while also cross-examining Richard, whom he represented in this matter in the original proceedings and from whom he received confidential attorney-client information. The State further asserted that the interests of Koch's former client and his current clients were directly adverse, which required that Koch be disqualified.

On June 16, 2011, Samontry and Phouangmany filed a response and brief in opposition to the State's motion to disqualify counsel. The same day, in chambers, the circuit court orally granted the State's motion to disqualify Koch as counsel for the defendants in this case, but this discussion took place off the record. Also during the in-chambers meeting, the defendants moved for the return of certain funds and property, which had been seized by the State after their arrest. That motion was denied. On June 17, 2011, the circuit court entered an order granting the State's motion to disqualify Koch as defense counsel based on his previous representation of a material witness, Richard, in the matter. The court also sent a letter to Koch and the deputy prosecutor on the same date, informing them of the court's decision and enclosing the orders granting the State's motion to disqualify.[2]

On July 7, 2011, the circuit court held a hearing to permit Koch, who was continuing to act as counsel for the defendants with the circuit court's permission for the limited purposes of the July 7th hearing, to put the arguments, motions, and rulings made in chambers on June 16, 2011, on the record. Koch filed a renewed motion for the return of his clients' funds and property and made arguments, for the record, in opposition to his disqualification as counsel. Koch also presented the circuit court with the affidavits of Richard and Samontry, which stated that they denied that any conflict existed, and further averred that in the event that one did, they waived any such conflict. Koch further represented to the court that although he was unable to obtain a written affidavit from Phouangmany prior to the hearing, she too was ready, willing, and able to waive any actual or potential conflict of interest.

On July 7, 2011, the circuit court sent a letter to counsel confirming what occurred at the hearing of the same date. In that letter, the court stated that its previous order filed June 17, 2011, which granted the State's motion to disqualify defense counsel, stands. The court took under advisement the defendants' renewed motions for the return of their property and granted their request for a stay pending an interlocutory appeal from the decision to disqualify Koch as counsel.

The sole issue on appeal is whether the circuit court erred in disqualifying Koch as counsel for Samontry and Phouangmany. This court reviews a circuit court's decision to disqualify an attorney under an abuse-of-discretion standard.

Koch as attorney for Phouangmany in case number CR10–387–2. Samontry's case number in circuit court was CR10–387–1, but no similar motion is found in the record concerning her case.

2. The record in this appeal only contains the circuit court's order granting the State's motion to disqualify Koch as counsel in Phouangmany's case, case number CR10–387–2. This order makes no reference to Samontry, and a separate order in Samontry's case, case number CR10–387–1, is not included in the record.

*Wilburn v. State,* 346 Ark. 137, 56 S.W.3d 365 (2001). An abuse of discretion may be manifested by an erroneous interpretation of the law. *Id.* This court has recognized that the Rules of Professional Conduct are applicable in disqualification proceedings. *Id.* Disqualification is an available remedy to a circuit court "to protect and preserve the integrity of the attorney-client relationship." *Craig v. Carrigo,* 340 Ark. 624, 633, 12 S.W.3d 229, 235 (2000) (quoting *Burnette v. Morgan,* 303 Ark. 150, 794 S.W.2d 145 (1990)). We have said that disqualification of counsel is a drastic measure to be imposed only where clearly required by the circumstances. *Id.*

We initially observe that the interlocutory appeal relating to Samontry is not properly before this court. The State's motion to disqualify Koch as counsel and the order doing so were filed under case number CR10–387–2 and only reference Phouangmany. There is no comparable motion or order in the record of this interlocutory appeal that relates to Samontry and her case, CR10–387–1.

As already referenced in this opinion, Arkansas Rule of Appellate Procedure—Civil 2(a)(8) permits an interlocutory appeal from an order disqualifying an attorney as counsel, and we now apply that rule to this criminal appeal. Implicit in Rule 2(a)(8) is the requirement that there first be an order from which a party may appeal. *See Ark. Lottery Comm'n v. Alpha Marketing,* 2012 Ark. 23, 386 S.W.3d 400. In addition, Arkansas Supreme Court Rule 3–4(a) reads that the record on appeal in a criminal case shall include the "[f]inal judgment and commitment or order appealed." Because there is no order contained in the record of this interlocutory appeal disqualifying Koch as counsel for Samontry, we dismiss the appeal as it relates to Samontry.

Turning to the merits of Phouangmany's appeal, she claims that the circuit court abused its discretion by disqualifying Koch as her counsel for the following reasons: (1) the right to counsel of one's choice is a fundamental constitutional right; (2) there was no conflict of interest requiring disqualification; (3) even if there was a conflict, it was waived; (4) disqualification of counsel is a drastic measure; (5) the State's motion to disqualify, filed so close to the trial date, was filed for an improper purpose; and (6) even if there was a conflict that could not be waived, there were less drastic measures than disqualification that could have been used.

In response, the State urges that Koch's prior representation of Richard creates a serious potential for conflict between Koch's duty to Phouangmany and his duty to Richard, as a former client. The State maintains that the interests of Phouangmany are materially adverse to the interests of Richard because the testimony of Richard is critical to the prosecution of Phouangmany, even though it may not directly inculpate her. As a final point, the State claims that the circuit court has substantial latitude to refuse to accept a defendant's waiver of his or her chosen counsel's actual or potential conflict of interest. Thus, even if there was a waiver on Phouangmany's part, according to the State, the circuit court did not abuse its discretion in declining to accept the waiver and in disqualifying Koch.

There is no question that criminal defendants have a constitutional right to effective assistance of counsel. U.S. Const. Amend. VI; Ark. Const. art. II, § 10. This guarantee includes the "right to 'the assistance of an attorney unhindered by a conflict of interest.'" *United States v. Agosto,* 675 F.2d 965, 969 (8th Cir.1982) (quoting *Cuyler v. Sullivan,* 446 U.S. 335, 355, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980)

(Marshall, J., concurring in part and dissenting in part)), *overruled on other grounds by Flanagan v. United States,* 465 U.S. 259, 104 S.Ct. 1051, 79 L.Ed.2d 288 (1984).

■ In *Agosto,* the Eighth Circuit Court of Appeals reviewed an interlocutory appeal from a pretrial order disqualifying several defense attorneys due to a conflict of interest. In its analysis, the Eighth Circuit explained that "successive representation" is "where an attorney representing a defendant has previously represented codefendants or trial witnesses." *Agosto,* 675 F.2d at 970. As explained by that court, a major source for a conflict in successive-representation cases is the attorney's receipt of privileged information from a witness or codefendant. *Id.* at 971. "When an attorney attempts to represent his client free of compromising loyalties, and at the same time preserve the confidences communicated by a present or former client during representation in the same or a substantially related matter, a conflict arises." *Id.*

According to the Eighth Circuit, there are two types of conflicts that may arise in successive-representation cases: (1) the attorney may be tempted to use confidential information to impeach a former client, or he may fail to conduct a rigorous cross-examination for fear of misusing confidential information, where privileged information is obtained that might be relevant to cross-examination; and (2) the attorney's pecuniary interest in possible future business may cause him to make trial decisions with a goal of avoiding prejudice to the client he formerly represented. *Id.*

In its motion to disqualify Koch as counsel, the State relied on Rules 1.6, 1.7, and 1.9 of the Arkansas Rules of Professional Conduct. Rule 1.6 prohibits a lawyer from revealing information relating to the representation of a client unless the client gives informed consent. Ark. R. Prof'l Conduct 1.6(a) (2011). Rule 1.7, entitled "Conflict of Interest: Current Clients," provides that a lawyer shall not represent a client if the representation involves a concurrent conflict of interest where the representation "will be *materially limited* by the lawyer's responsibilities to another client, a former client or a third person." Ark. R. Prof'l Conduct 1.7(a)(2) (2011) (emphasis added). Finally, Rule 1.9 reads that a "lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are *materially adverse* to the interests of the former client unless the former client gives informed consent, confirmed in writing." Ark. R. Prof'l Conduct 1.9(a) (2011) (emphasis added).

In our jurisprudence, this court has recognized that if an attorney's representation of a current client is substantially related to the attorney's representation of a former client, "a presumption arises that confidences of the former client were disclosed to the former attorney." *Sturdivant v. Sturdivant,* 367 Ark. 514, 519, 241 S.W.3d 740, 745 (2006) (citing *Gipson v. Brown,* 288 Ark. 422, 706 S.W.2d 369 (1986)). This court has further explained that, in those situations, the court will entertain the presumption and will not inquire into the nature and extent of the confidences; the confidential disclosures, whether actual or presumed, command the disqualification of the attorney when he or she represents an *adverse interest* in a related matter. *Id.* (emphasis added).

■ Yet, it is also clear that the burden of proof regarding disqualification of counsel rests with the moving party. *See, e.g., Engineered Products Co. v. Donaldson Co., Inc.,* 290 F.Supp.2d 974 (N.D.Iowa 2003); *Olson v. Snap Products, Inc.,* 183

F.R.D. 539 (D.Minn.1998). In the criminal context, the Eighth Circuit requires that "disqualification on the basis of the attorney's receipt of privileged information from a codefendant formerly represented by that attorney should only be considered upon a clear showing that the present and former clients' interests are adverse." *Agosto,* 675 F.2d at 973. Due to the potential for abuse by opposing counsel, the Eighth Circuit further requires disqualification motions to be subjected to strict scrutiny by the courts. *Droste v. Julien,* 477 F.3d 1030 (8th Cir.2007).

■ In the instant case, as was the case in *Agosto,* we are concerned with the authority of the circuit court to disqualify counsel before trial and before a conflict results in ineffective assistance of counsel. At this stage in the proceedings, there is less certainty as to whether conflicts will actually arise and the nature of those potential conflicts. *See Agosto,* 675 F.2d at 970. Both our rules of professional conduct and our case law demonstrate that a conflict of interest occurs where the attorney is representing a current client whose interests are *materially* $_{|10}$*adverse* to those of a former client. *See, e.g.,* Ark. R. Prof'l Conduct 1.9(a); *see also Sturdivant,* 367 Ark. at 519, 241 S.W.3d at 745. Here, although the State urges otherwise, the State has offered no proof that the interests of Phouangmany and Richard are adverse for purposes of Koch's representation.

Richard and Samontry, on the other hand, submitted affidavits to the circuit court. Richard said in his affidavit that his "testimony is not adverse to ... Phouangmany in any way." In fact, he added that his testimony would be "favorable to [her] and adverse to the prosecution." He further averred that he did "not have any information that will incriminate either defendant in the charges against them."

Similarly, Samontry said in her affidavit that she did "not believe that any such conflict exists." Samontry explained that she was previously married to Richard and said that she did "not believe he has any information that would incriminate me in any way, nor will his testimony be adverse to my testimony or adverse to my interests in this case."

Following that, Koch also represented to the circuit court at the hearing that although he was unable to obtain a copy of Phouangmany's affidavit prior to the hearing due to her residence in another state, Phouangmany had made a knowing and intelligent waiver of any conflict of interest in regard to his successive representation. Koch further explained that Phouangmany was willing to be questioned and examined by the court, with an interpreter present if needed, if the court determined that her affidavit was not sufficient. The circuit court accepted Koch's representation that Phouangmany would file an affidavit waiving any alleged conflict of interest. The court, however, found that even if he had Phouangmany's $_{|11}$affidavit and she appeared before the court to be questioned, the ruling regarding the disqualification of Koch as counsel would still stand.

Furthermore, in Phouangmany's brief in opposition to the State's motion to disqualify counsel, she asserted that Koch would state on the record that he was aware of "no confidential information that he has received from his former client, Jerry Richard, that is likely to present any sort of conflict or that is likely to put Richard's interests at odds with the defendants' interests in this case." The Eighth Circuit Court of Appeals has said that courts "give substantial weight to defense counsel's representations regarding conflicts of interest." *Agosto,* 675 F.2d at 972; *see also United States v. Flynn,* 87 F.3d 996, 1001 (8th Cir.1996) (citing *Agosto,* 675 F.2d at

972) ("In determining whether a conflict of interest exists, substantial weight is given to defense counsel's representations.").

The State admits in its brief in this appeal that Richard's testimony may not directly inculpate Phouangmany. It is also relevant to note that Richard has been considered by Phouangmany as a strong witness for the defense and that it was not until June 7, 2011, two weeks prior to trial, that the State subpoenaed him to provide testimony for the State at the trial. In the brief in support of her opposition to the State's motion to disqualify, Phouangmany pointed out that Richard has always maintained his innocence, as well as her own. She explained that Richard has never made any statements to the prosecution, law enforcement, or Koch to the contrary.

Furthermore, in her appellate brief and her brief before the circuit court, Phouangmany claimed that the State can point to no evidence that Richard's interests are adverse to her own. As noted above, the Eighth Circuit in *Agosto* requires that "[i]n the criminal context, disqualification on the basis of the attorney's receipt of privileged information from a codefendant formerly represented by that attorney should only be considered upon a clear showing that the present and former clients' interests are adverse." *Agosto*, 675 F.2d at 973. The State's conclusory assertions that "the testimony of Richard is critical to the prosecution of [Phouangmany], even though it may not directly inculpate [her]" and that there is a "serious possibility that Richard could testify against [Phouangmany's] interests on some point" are simply not enough to establish a clear showing that Phouangmany and Richard's interests are adverse. We, of course, recognize the principle that the presumption in favor of a party's choice of counsel may be overcome by the demonstration of an actual conflict of interest or by a showing of a serious

potential for a conflict. *See Wheat v. United States*, 486 U.S. 153, 108 S.Ct. 1692, 100 L.Ed.2d 140 (1988). Here, however, the State has shown neither.

In sum, we conclude that the State has failed to meet its burden of proof to support Koch's disqualification in Phouangmany's case. Accordingly, we hold that the circuit court abused its discretion when it disqualified Koch as counsel for Phouangmany. We reverse the disqualification of Koch as it pertains to Phouangmany and remand to the circuit court for further proceedings.

Dismissed in part; reversed and remanded in part.