' COURTNEY HUDSON GOODSON, Associate Justice 11 Appellant Phillip Floyd appeals from the Carroll County Circuit Court’s order disqualifying his lawyer, Gerald <K. Crow, because Crow had previously served in a judicial capacity in the criminal proceedings. Because we agree that. Crow’s participation in the case was personal and substantial, we- affirm the circuit court’s order removing him as. Floyd’s counsel. The appeal in this case stems from the underlying criminal charges against Floyd for one count of rape. On August 5, 2014, when Crow was a circuit judge, he authorized the issuance of an arrest warrant for Floyd. On October 6, 2014, the State filed charges against Floyd, and on October 15, 2014, Crow presided over Floyd’s plea- and-arraignment hearing. At that hearing, Floyd was represented by Brian Ra-bal. Floyd entered a plea of not guilty, and Crow set the trial for July 15, 2015. Crow left his position as circuit judge on December 31, 2014. On July 21, 2015, Crow entered an appearance as an attorney for Floyd, and on July 22, 2015, he filed a waiver of conflict signed by Floyd. On July 27, 2015, Rabal filed a motion to withdraw as counsel, noting that Floyd had “terminated his relationship with counsel and ha[d] retained the services of Gerald K Crow to represent him in this matter.” On July 28, 2015, the circuit court held a hearing, and the State made a motion to disqualify Crow based on his former participation in the case as a judge. The State argued that Crow’s acts of signing the affidavit of probable cause for the arrest warrant and presiding over Floyd’s plea-and-arraignment hearing constituted substantial participation in the case, and consequently Rule 1.12 of the Arkansas Rules of Professional Conduct disqualified Crow from the representation unless both parties gave written, informed consent. The State refused to give its consent. Floyd argued that the rule did not apply because the acts were not substantial in that they were administrative or ministerial and did not affect the merits of the case. The circuit court ruled that Crow was prohibited from representing Floyd, and Floyd has appealed from that order. This appeal is proper as an interlocutory appeal from an order disqualifying counsel. Samontry v. State, 2012 Ark. 105, 887 S.W.3d 178. We review a circuit court’s decision to disqualify an attorney under an abuse-of-discretion standard. Id. The circuit court found that Crow was disqualified pursuant to Rule 1.12 of the Arkansas Rules of Professional Conduct, which states. “[A] lawyer shall not represent anyone in connection with a matter in which the lawyer participated personally and substantially as a judge or other adjudicative officer or law clerk to such a person or as an arbitrator, mediator or other third-party neutral, unless all parties to the proceeding give informed consent, confirmed in writing.” The circuit court found that Crow had participated substantially in |3the case by signing the affidavit for arrest and presiding over the plea and arraignment hearing, and that although Floyd had given written consent, the State refused to do so. Floyd argues that the circuit court abused its discretion in disqualifying his lawyer because Crow’s participation was not substantial as it did not affect the merits of his case, and accordingly, the State’s consent was not required. Our caselaw is clear that the bar for disqualifying a lawyer is high because “[a] litigant, of course, is entitled to counsel of its own choosing.” Saline Memorial Hosp. v. Berry, 321 Ark. 588, 906 S.W.2d 297 (1995). We have stated that disqualification is a drastic measure to be imposed only where clearly required by the circumstances. Burnette v. Morgan, 303 Ark. 150, 794 S.W.2d 145 (1990). As we stated in Burnette, “We must never forget that a disqualification, though aimed at protecting the soundness of the attorney-client relationship, also interferes with, or perhaps destroys, a voluntary relationship by depriving a litigant of counsel of his own choosing — oftentimes affecting associations of long standing.” Id. at 155, 794 S.W.2d at 148. However, we have also recognized that “the presumption in favor of a party’s choice of counsel may be overcome by the demonstration of an actual conflict of interest or by a showing of a serious potential for conflict.” Samontry, supra. We have held that the Arkansas Rules of Professional Conduct apply to disqualification proceedings. Norman v. Norman, 338 Ark. 644, 970 S.W.2d 270 (1998). Rule 1.12 states that a "lawyer-is precluded from representing anyone in a matter in which the lawyer participated “personally and substantially” as a judge.[1] Rule 1.0 states, “ ‘Substantial’ when 14used in reference to degree or extent denotes a material matter of clear and weighty importance.” The comments to Rule 1.12 provide additional guidance, indicating that a judge is not precluded from representation if the judge’s previous participation was a “remote or incidental administrative responsibility that did not affect the merits.” Ark. R. Profl Cond. 1.12 cmt L In this case, Crow’s participation in issuing the arrest warrant and presiding over the plea and arraignment hearing was substantial because both qualify as matters of clear and weighty importance. To issue the arrest warrant, Crow was required to determine that the affidavit in support demonstrated reasonable grounds that Floyd had committed the offense in question. Ark.Code Ann. § 16-81-104 (Repl. 2005). When a judge wholly fails to undertake an analysis of whether the affidavit establishes reasonable cause for the arrest, the arrest warrant is invalid: See, e.g., Stewart v. State, 289 Ark. 272, 711 S.W.2d 787 (1986). Thus, contrary to Floyd’s assertion, the issuance of the arrest warrant was not a mere remote or incidental administrative responsibility; rather, Crow was required to weigh the merits in his consideration of the affidavit. Similarly, Crow’s participation as the judge in the plea-and-arraignment hearing is a matter of clear and weighty importance and cannot be considered merely, an administrative responsibility. We have held that a criminal defendant has a right to an arraignment hearing. Hamm v. State, 365 Ark, 647, 232 S.W.3d 463 (2006). Additionally, Crow was required to Ract in his official judicial capacity in presiding over the plea-and-arraignment hearing— not’ in an administrative capacity. See Mississippi Comm’n on Judicial Performance v. Atkinson, 645 So.2d 1331 (Miss.1994) (lawyers participation as a judge, was substantial where the judge’s action- in his judicial capacity was required.to perform the action); see also Baldridge v. State, 289 Kan. 618, 215 P.3d 585 (Kan.2009) (holding that a lawyer was disqualified from representation in a criminal case when he had previously authorized the issuance of subpoenas for evidence, used in the case). As a final point, Floyd also argues that the State failed to establish any prejudice from Crow’s representation; but as we have previously noted, - the Rules of Professional Conduct do not require a finding of prejudice, and we have declined to adopt such a requirement. Burnette, 303 Ark. at 156, 794 S.W.2d at 148. Accordingly, the State was not required to establish any prejudice from Crow’s representation of Floyd. Because Crow previously participated in the case personally and substantially as a judge, Rule 1.12 applies, and the State’s consent was required before he could participate as a lawyer.[2] Thus, the circuit court did not' abuse - its discretion in disqualifying him from representation. '⅞ Affirmed. ' Brill, C.J., concurs. Baker and Hart, JJ., dissent. . In his concurring opinion, Chief Justice Brill argues that the more tenuous "appearance of impropriety" standard applies in this case. However, because Rule 1.12(a) is a specific provision addressing the precise factual scenario at issue here, that provision governs over any more general principles. See, e.g., Kelly v. Martin ex rel. State, 2014 Ark. 217, 433 S.W.3d 896. . We recognize Justice Baker's concern that the analysis in the instant case may impair a defendant’s right, to counsel of his choice. Notably, Floyd did not raise or develop any argument that Rule 1.12(a) imparted an unconstitutional restriction to his right to counsel. Accordingly, we do not address that issue in this opinion.