Paul E. Danielson, Justice, dissenting. I would reverse and remand for a new trial due to the circuit court’s error in refusing to submit the verdict form by interrogatories. | sAs the majority notes, the State relied below on Terry v. State, 371 Ark. 50, 263 S.W.3d 528 (2007), for the proposition that a general verdict form, rather than interrogatories, should be given when a charge is tried on alternate theories. On appeal, the State continues to cite Terry and also points us to Griffin v. United States, 502 U.S. 46, 112 S.Ct. 466, 116 L.Ed.2d 371 (1991), and Norris v. State, 2010 Ark. 174, 368 S.W.3d 52. However, Terry, Griffin, and Norris do not stand for the proposition for which the State says they do. In both Terry and Norris, the defendants were charged with capital murder under two alternate theories: felony murder under Arkansas Code Annotated section 5-10-101(a)(l) and premeditated-and-deliberated murder under section 5-10-101(a)(4). Norris, 2010 Ark. 174, 368 S.W.3d 52; Terry, 371 Ark. 50, 263 S.W.3d 528. Both appeals involved challenges to the sufficiency of the evidence. This court held in both cases that because there was sufficient evidence to support the conviction for capital-felony murder under subsection (a)(1), there was no need to consider the sufficiency of the evidence supporting the alternative charge of premeditated-and-deliberated murder under subsection (a)(4). Norris, 2010 Ark. 174, 368 S.W.3d 52; Terry, 371 Ark. 50, 263 S.W.3d 528. “Given the general guilty verdict, we must conclude that there is sufficient evidence under one of the instructed elements for either subsection[] (a)(1) or (a)(4).” Terry, 371 Ark. at 56, 263 S.W.3d at 533. Both cases cited to Griffin, 502 U.S. 46, 112 S.Ct. 466, for the proposition that a general verdict, of guilty is valid so long as it is legally supportable by one ground. These cases simply did not address the issue that Ortega raises here, which concerns the propriety of submitting a general verdict form as opposed to interrogatories when a charge is tried on alternate theories. Neither Terry nor Norris contains any mention that the | indefendant requested separate interrogatories, much less a discussion regarding whether it would have been proper to give them.[1] Those cases addressed only the effect, on appeal, of the submission of a general verdict form, which is that a defendant challenging the sufficiency of the evidence must demonstrate that the evidence was insufficient under both alternate theories. Thus, Terry, Norris, and Griffin actually illustrate Ortega’s point: without interrogatories, he was foreclosed from knowing on what basis the jury had convicted him, and he was consequently handicapped on appeal. In my view, the use of a general verdict form in this case precluded Ortega from making a record, which is of particular concern in light of the fact that he specifically requested and proffered a verdict form containing interrogatories. I am mindful that the majority rejects Ortega’s argument on the basis that he fails to support it with citation to authority. However, Ortega does argue that “[t]he State’s reliance upon Terry is misplaced,” and even the majority concedes that he is correct on that point; Terry does not address or support the State’s position, and no other citation to authority is necessary to demonstrate that. I find it troubling that the majority agrees with Ortega’s point—that the circuit court relied on Terry to support a proposition for which it does not stand—-yet refuses to acknowledge that the circuit court abused its discretion. See, e.g., Samontry v. State, 2012 Ark. 105, at 5, 387 S.W.3d 178, 182 (“An abuse of discretion may be manifested by an erroneous interpretation of the law.”). Accordingly, I dissent. Hart, J., joins in this dissent. . In Griffin, which involved a multiple-object conspiracy charge, the Court noted that the defendant had "proposed special interrogatories asking the jury to identify the object or objects of the conspiracy of which she had knowledge." 502 U.S. at 48, 112 S.Ct. 466. But this request was denied, and the Court did not discuss whether that denial was error.