Cite as 2018 Ark. 16

# SUPREME COURT OF ARKANSAS

No. CV–16–697

| | |
|---|---|
| | **Opinion Delivered:** January 18, 2018 |
| HELENA COUNTRY CLUB<br>APPELLANT | APPEAL FROM THE PHILLIPS COUNTY CIRCUIT COURT<br>[NO. 54CV-15-226] |
| V. | |
| BILLY RAY BROCATO D/B/A SPLASH POOL AND SPA<br>APPELLEE | HONORABLE CHRISTOPHER W. MORLEDGE, JUDGE |
| | REVERSED AND REMANDED. |

**COURTNEY HUDSON GOODSON, Associate Justice**

Appellant, Helena Country Club ("the Club"), brings this interlocutory appeal from the Phillips County Circuit Court's disqualification of Charles E. Halbert, Jr., as counsel for the Club.[1]  For reversal, the Club argues that (1) the circuit court erred in its conclusion that evidence of an alleged statement made during settlement negotiations was admissible to allow appellee, Billy Ray Brocato d/b/a Splash Pool and Spa ("Brocato"), to call the Club's attorney as a witness; and (2) the circuit court erred in disqualifying the Club's attorney based solely on opposing counsel's statement that the attorney would be called as a witness.

---

[1] We previously remanded this case to settle and supplement the record with the transcript of a telephone hearing pertaining to the issues raised on appeal.  *Helena Country Club v. Brocato*, 2017 Ark. 152, 517 S.W.3d 421.  In compliance with our prior opinion, the circuit court entered an order on May 24, 2017, settling the record and setting forth a recreated transcript of the telephone hearing based on the agreement of the parties and the circuit court.

Our jurisdiction is pursuant to Arkansas Rule of Appellate Procedure–Civil 2(a)(8) (2016). We reverse and remand.

On September 22, 2015, Brocato filed a complaint against the Club alleging claims of breach of contract and a violation of the Arkansas Deceptive Trade Practices Act ("ADTPA"). Brocato stated that he had been providing pool maintenance and cleaning services to the Club for the previous five years pursuant to the parties' oral agreement and that the parties had a course of dealing wherein he would perform the services he deemed appropriate and then bill the Club for those services. Brocato indicated that he was contacted by the Club in April 2015 and instructed to prepare the pool for the upcoming summer season. He claimed that he had conducted maintenance, repairs, and cleaning on the pool in April and May 2015, that he had submitted invoices to the Club for the work, and that the Club had since refused to pay him. Brocato alleged that he had suffered damages in the amount of $11,505.48, plus interest and costs, and he also requested $25,000 in punitive damages.

The Club, through its attorney, Halbert, filed an answer to the complaint and a counterclaim. In its counterclaim, the Club alleged that Brocato had been notified that all work should be approved in advance and that he had failed to ask for advance approval for certain extra work. The Club further denied that Brocato had performed all of the services for which he had requested payment. In addition, the Club claimed that Brocato had knowingly placed excessive orders for pool chemicals and had allegedly installed a new pump without producing an invoice for it. The Club asserted that these actions constituted

2

both fraud and a violation of the ADTPA and requested damages in excess of $11,000, as well as punitive damages.

On June 16, 2016, the Club filed a motion to exclude evidence, claiming that it had recently learned that Brocato planned to call Halbert as a witness at trial, which was scheduled for July 11, 2016. According to the Club's motion, Brocato intended to introduce a statement made by Halbert during a telephone conversation wherein the possibility of settlement was discussed with Brocato and his attorney, Phillip Allen, and Halbert had allegedly responded, "We aren't paying him a f★★★ing thing." The Club claimed that both Halbert and Brocato's counsel denied that this statement was made. The Club further argued that Arkansas Rule of Evidence 408 prevented the introduction of this evidence and that admission of this alleged statement might require the disqualification of Halbert.

Brocato filed a response to the motion and a brief in support in which he asserted that Halbert's statement was not made during settlement negotiations. Brocato argued that, even if it was found to have been made during settlement negotiations, the statement was not inadmissible under Rule 408 because it would be used to prove the Club's intent and bias in relation to the ADTPA claim—not to prove the liability for, invalidity of, or amount of the claim. In addition, Brocato contended that Halbert would "undoubtedly" be called to testify as a witness at trial because he was on the Club's board of directors when the decision was made to not pay Brocato. Brocato thus argued that this evidence was relevant to Halbert's credibility.

3

On July 6, 2016, the circuit court held a telephone hearing on the Club's motion to exclude evidence. After hearing arguments by counsel for each party, the circuit court entered an order on July 8, 2016, disqualifying Halbert from representing the Club. The court found that "the potential for Mr. Halbert being called as a witness is imminent and it could be construed that the purpose of the evidence and/or testimony presented by Mr. Halbert would be for some other reason than the introduction of settlement negotiations." The court thus concluded that "[i]t appears that Mr. Halbert has a conflict and as such he is disqualified from representing Defendant in this matter." The Club filed a timely notice of interlocutory appeal from the order of disqualification.

On appeal, the Club argues that the circuit court erred in concluding that evidence of Halbert's alleged statement, which the Club asserts was made during settlement negotiations, was admissible to allow Brocato to call Halbert as a witness at trial. The Club further contends that the circuit court erred by disqualifying Halbert based solely on opposing counsel's statement that he would be called as a witness.

As Brocato responds in his brief, we are unable to address the merits of the Club's argument regarding whether Halbert's alleged statement would be admissible at trial. Not only has the circuit court failed to expressly rule that this evidence is admissible, but also this interlocutory appeal is currently before us for the limited purpose of reviewing the circuit court's disqualification of Halbert. *See* Ark. R. App. P–Civ. 2(a)(8) (stating that an appeal may be taken from an order that disqualifies an attorney from further participation in the case); *Haase v. Starnes*, 337 Ark. 193, 987 S.W.2d 704 (1999) (holding that an appeal from an evidentiary ruling is not a final, appealable order pursuant to Ark. R. App. P.–Civ. 2(a)).

4

Thus, the sole issue to be decided is whether the circuit court erred by entering an order to disqualify the Club's counsel under the circumstances in this case.

In *Weigel v. Farmers Insurance Co.*, 356 Ark. 617, 621-22, 158 S.W.3d 147, 150-51 (2004), we discussed the principles applicable to a circuit court's disqualification of counsel:

> We note at the outset that disqualification of an attorney is an absolutely necessary measure to protect and preserve the integrity of the attorney-client relationship; yet it is a drastic measure to be imposed only where clearly required by the circumstances. *Craig v. Carrigo*, 340 Ark. 624, 12 S.W.3d 229 (2000); *Burnette v. Morgan*, 303 Ark. 150, 794 S.W.2d 145 (1990). This court reviews a trial court's decision to disqualify an attorney under an abuse-of-discretion standard. *Wilburn v. State*, 346 Ark. 137, 56 S.W.3d 365 (2001); *Craig*, 340 Ark. 624, 12 S.W.3d 229. An abuse of discretion may be manifested by an erroneous interpretation of the law. *Id.* The Model Rules of Professional Conduct are applicable in disqualification proceedings. *Id.* However, a violation of the Model Rules does not automatically compel disqualification; rather, such matters involve the exercise of judicial discretion. *Norman v. Norman*, 333 Ark. 644, 970 S.W.2d 270 (1998).

According to Model Rule of Professional Conduct 3.7 (2016),

> (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:
> (1) the testimony relates to an uncontested issue;
> (2) the testimony relates to the nature and value of legal services rendered in the case; or
> (3) disqualification of the lawyer would work substantial hardship on the client.

We stated in *Weigel* that Rule 3.7 applies to the situation in which the opposing party seeks to call counsel as a witness, and we adopted a test used by courts in other jurisdictions to analyze whether disqualification is proper under those circumstances. *Id.* at 625, 158 S.W.3d at 153. We held that the opposing party must demonstrate three things: (1) that the attorney's testimony is material to the determination of the issues being litigated; (2) that the evidence is unobtainable elsewhere; and (3) that the testimony is or may be prejudicial to the testifying attorney's client. *Id.* This demonstration is necessary to prevent Rule 3.7

5

from being used as a sword or a tactical measure to hinder the other party's case, and it strikes a reasonable balance between the potential for abuse and those instances in which the attorney's testimony may be truly necessary to the opposing party's case. *Id.* In addition, we have held that this test takes into consideration many of the reasons for prohibiting an attorney from being both advocate and necessary witness: (1) an advocate who becomes a witness may be in the unseemly position of arguing his own credibility; (2) the roles of advocate and witness are inconsistent and should not be assumed by one individual; and (3) the attorney should not act as both trial counsel and a material witness because of the appearance of impropriety. *Id.*, 158 S.W.3d at 625-26.

The Club argues that the circuit court summarily concluded, without hearing any proof on the issue, that the potential for Halbert to be called as a witness was imminent and that a conflict of interest required disqualification. The Club contends that the evidence sought by Brocato was invented solely to disqualify its counsel and that the court failed to apply, or even reference, the test sought out in *Weigel*.

We agree that the circuit court erred by disqualifying Halbert. As the Club asserts, even assuming that testimony by Halbert would be prejudicial to Brocato, Brocato did not demonstrate that Halbert's testimony was material or truly necessary to any of the issues being litigated or that the evidence sought to be admitted through Halbert was unobtainable elsewhere. In fact, Brocato failed not only to satisfy the three-part test set out in *Weigel*, but also to request that Halbert be disqualified as counsel. Brocato admits in his brief that he never made an argument for or against Halbert's disqualification, and he indicates that he takes no position on this issue. Because there was no motion to disqualify counsel or any

6

consideration of the *Weigel* factors, the circuit court's decision to impose the drastic measure of disqualifying Halbert constituted an abuse of discretion.  We therefore reverse the circuit court's order and remand for further proceedings.

Reversed and remanded.

*Halbert Law Office*, by:  *Charles E. Halbert, Jr.*, for appellant.

*Knapp Lewis Law Firm*, by:  *Donald E. Knapp, Jr.*, and *Michael C. Lewis*, for appellee.