Cite as 2023 Ark. 81

# SUPREME COURT OF ARKANSAS
No. CR-21-364

| | | |
|---|---|---|
| MARVIN STANTON | | Opinion Delivered: May 11, 2023 |
| | APPELLANT | |
| V. | | APPEAL FROM THE MILLER COUNTY CIRCUIT COURT [NO. 46CR-15-503] |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE BRENT HALTOM, JUDGE |
| | | REVERSED AND REMANDED; MOTION TO DISMISS DENIED. |

**ROBIN F. WYNNE, Associate Justice**

Marvin Stanton has filed this interlocutory appeal from the Miller County Circuit Court's order disqualifying defense attorney Patrick Benca as his counsel. An order that disqualifies an attorney from further participation in the case is appealable pursuant to Arkansas Rule of Appellate Procedure–Civil 2(a)(8).[1] Also pending is the State's motion to dismiss the appeal. On appeal, Stanton argues that the circuit court's disqualification of counsel violates his right to counsel of his choice. We deny the motion to dismiss, and we reverse the circuit court's disqualification order and remand.

*Background*

_____

[1]Arkansas Rule of Appellate Procedure–Civil 2(a)(8) applies to criminal cases. *Samontry v. State*, 2012 Ark. 105, at 2, 387 S.W.3d 178, 180.

This case arises from the 2015 shooting death of Jesse Hamilton at a gas station in Texarkana, Arkansas. In his first trial, Stanton was convicted of first-degree murder and employing a firearm as a means of committing the murder. This court reversed the convictions due to evidentiary error and remanded for a new trial. *Stanton v. State*, 2017 Ark. 155, 517 S.W.3d 412. Patrick Benca represented Stanton at his second trial. In preparation for the second trial, Benca and his then-law partner Jessica Duncan Johnston interviewed State's witness Lavon Strong, who had been with Hamilton for the altercation and shooting, at the Bi-State Jail before trial. Johnston recorded the interview on her phone. During cross-examination, Strong denied telling Benca and Johnston certain things during the interview, and the defense attempted to refresh his recollection with a transcript of the interview. The court took up issues surrounding the recording and transcript outside the presence of the jury, and the discussion spilled over into the following day of trial. When Strong returned to the witness stand, he testified that Benca had misled him during the interview into saying that there had been a knife in a companion's backpack. At that point, the defense moved for a mistrial on the ground that Benca had become a witness in the case. The circuit court granted the motion.

Ahead of the third trial, the circuit court made clear that Benca was disqualified from participating as counsel for Stanton. After Benca filed a motion for continuance, the circuit court, Judge Kirk Johnson, wrote:

> The motion seems to indicate that you remain the attorney for Marvin Stanton and your appearance is necessary on that date. Your declaration that you are a witness in the Stanton case made in open court which was the basis for your

2

motion for mistrial clearly establishes that you are a necessary witness by your own statements. The Court relied on the statement in granting the mistrial and your declaration disqualifies you from appearing in further proceedings as counsel for Mr. Stanton. Your attendance is not only not required, it is not permissible pursuant to Rule 3.7[2] of the Arkansas Rules of Professional Conduct and numerous Arkansas cases which require your disqualification based on the fact of this case.

This order, styled a "memo-letter" and dated March 15, 2018, was filed of record August 2, 2018. The circuit court reiterated its ruling in a letter to counsel that was filed on October 15, 2018. Stanton did not appeal Benca's disqualification; he hired different counsel.

Stanton was again convicted during the third trial, but this court reversed the conviction, this time due to the prosecutor's improper campaigning in the courthouse during trial. *Stanton v. State*, 2020 Ark. 418, 613 S.W.3d 368. Notably, Benca was not called as a witness during the third trial. His former law partner and co-counsel during the second trial, Jessica Duncan Johnston, was called to testify regarding the authenticity of the recording outside the presence of the jury.

Ahead of his fourth trial, Stanton again retained Benca to represent him, and Benca filed an entry of appearance. The attorneys who represented Stanton for his third trial, Jeff Rosenzweig and Natalie Dickson, filed a motion to withdraw as counsel. Following a brief hearing, the circuit court granted the motion, writing in its order: "Because Mr. Stanton has retained new counsel and that attorney, Patrick J. Benca, has entered his appearance in this

---

[2]Rule 3.7(a) provides that "[a] lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless: (1) the testimony relates to an uncontested issue; (2) the testimony relates to the nature and value of legal services rendered in the case; or (3) disqualification of the lawyer would work substantial hardship on the client."

case, Jeff Rosenzweig and Natalie Dickson are hereby permitted to withdraw as attorneys for Mr. Stanton." The circuit court also granted the defense's motion to recuse, and the case was reassigned to Judge Brent Haltom. At a hearing, the circuit court refused to recognize Benca as attorney of record based on Judge Johnson's 2018 order finding that Benca was disqualified due to his becoming a witness during the second trial. On April 21, 2021, the circuit court entered an order to that effect, and Stanton filed a timely notice of appeal from that order. On May 20, 2021, Stanton filed a motion for reconsideration, which was deemed denied after thirty days. Stanton then filed an amended notice of appeal.

*Motion to Dismiss*

The State has filed a motion to dismiss, arguing that Stanton had thirty days from the entry of the August 20, 2018 order to file a notice of appeal challenging Benca's disqualification. In other words, the State maintains in its motion to dismiss and in its brief that the order from which Stanton appeals is not an appealable order. We disagree because the 2018 order was superseded by subsequent action from the circuit court. In March 2021, a court order reestablished Benca as counsel by recognizing that Benca had been rehired; referring to Benca's entry of appearance; allowing Benca to appear in court; and relying on the foregoing to discharge Stanton's other counsel. Thus, Judge Haltom's subsequent April 2021 order constituted a new disqualification, and it was appealable under this court's rules. Accordingly, we deny the State's motion to dismiss the appeal.

*Arguments on Appeal*

4

This court reviews a circuit court's decision to disqualify an attorney under an abuse-of-discretion standard. *Howard v. Baptist Health*, 2022 Ark. 214, at 4, 654 S.W.3d 809, 812. Here, Stanton argues on appeal that the circuit court's disqualification of counsel was erroneous and violates his right to counsel of his choice. He relies on the Sixth Amendment to the United States Constitution, which guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." Stanton cites *United States v. Gonzalez-Lopez*, 548 U.S. 140 (2006), in which the Supreme Court of the United States held that when a person's right to counsel of choice is violated, no additional showing of prejudice is required to make the violation complete. In *Gonzalez-Lopez*, the court discussed a criminal defendant's Sixth Amendment right to counsel of his choice:

> . . . erroneous deprivation of the right to counsel of choice, with consequences that are necessarily unquantifiable and indeterminate, unquestionably qualifies as 'structural error.' Different attorneys will pursue different strategies with regard to investigation and discovery, development of the theory of defense, selection of the jury, presentation of the witnesses, and style of witness examination and jury argument. And the choice of attorney will affect whether and on what terms the defendant cooperates with the prosecution, plea bargains, or decides instead to go to trial. In light of these myriad aspects of representation, the erroneous denial of counsel bears directly on the framework within which the trial proceeds[.]

*United States v. Gonzalez-Lopez*, 548 U.S. 140, 150 (internal quotations and citations omitted).

This court has noted that disqualification of an attorney is an absolutely necessary measure to protect and preserve the integrity of the attorney-client relationship; yet it is a drastic measure to be imposed only where clearly required by the circumstances. *Weigel v. Farmers Ins. Co.*, 356 Ark. 617, 621, 158 S.W.3d 147, 150 (2004). In *Weigel*, we adopted a

5

three-prong test for considering whether Rule 3.7 of the Arkansas Rules of Professional Conduct prohibits an attorney from representing a client: (1) that the attorney's testimony is material to the determination of the issues being litigated; (2) that the evidence is unobtainable elsewhere; and (3) that the testimony is or may be prejudicial to the testifying attorney's client. *Id.* at 625, 158 S.W.3d at 153. Where there was no motion to disqualify counsel or any consideration of the *Weigel* factors, we have held that a circuit court's decision to impose the drastic measure of disqualifying counsel constituted an abuse of discretion. *Helena Country Club v. Brocato*, 2018 Ark. 16, at 6–7, 535 S.W.3d 272, 276.

The State responds by first arguing that the issue of Benca's disqualification cannot be relitigated in this interlocutory appeal because it is the law of the case. The State points to this court's Rule 4-3(i) review and the statement in our prior opinion that the review did not reveal "any other prejudicial error." *Stanton*, 2020 Ark. 418, at 13, 613 S.W.3d at 376. The State relies on *Sanders v. State*, 2014 Ark. 40, for the proposition that implicit resolution of an issue occurs when this court reviews a record pursuant to Ark. Sup. Ct. R. 4-3(i) (now Rule 4-3(a)) and states that no reversible error has been found. However, we have noted that this rule does not absolutely preclude correction of error. *See Camargo v. State*, 337 Ark. 105, 987 S.W.2d 680 (1999). We decline to apply our Rule 4-3(i) review as a bar to considering an issue of structural error that was not raised in the prior appeal.

Turning now to the merits of Stanton's appeal, it is clear that the circuit court abused its discretion by disqualifying Benca from representing Stanton. The circuit court relied exclusively on the 2018 disqualification decision and refused to allow even a hearing on the

6

issue. We note that the burden of proof regarding disqualification of counsel rests with the moving party. *Samontry v. State*, 2012 Ark. 105, at 9, 387 S.W.3d 178, 183. Here, the State failed to present any evidence or argument regarding the need for Benca to act as a witness at a new trial. As former co-counsel Johnston—not Benca—was called in the third trial, we believe little chance exists of his being called in the fourth.

Accordingly, we reverse the disqualification order and remand this case to the circuit court for further proceedings consistent with this opinion.

Reversed and remanded; motion to dismiss denied.

Special Justice JOHN FOGLEMAN joins in this opinion.

WOMACK, J., dissents.

KEMP, C.J., not participating.

**SHAWN A. WOMACK, Justice, dissenting.** As a preliminary matter, I object to Patrick Benca being permitted to participate in the appeal and oral argument in this case. Once he was disqualified by the circuit court, he was prohibited from participating in the case unless or until that disqualification was lifted by this court or another court of competent jurisdiction. Because the rights afforded in the Sixth Amendment belong to the individual criminal defendant who wants to choose his attorney and not to the attorney who wants to be chosen, Stanton had the right to appeal the disqualification decision, but Benca did not have the right to participate in any official capacity while the disqualification was in effect.

In 2015, Marvin Stanton shot and killed Jessie Hamilton at a gas station in Texarkana. A jury convicted him of first-degree murder and sentenced him to life imprisonment. But

7

in 2017, this court unanimously reversed Stanton's conviction and remanded for a new trial.[3] Stanton's second trial—the subject of this present appeal—ended in a mistrial. The State then prosecuted Stanton for a third time, and a jury convicted Stanton of first-degree murder. However, in 2020, this court again reversed Stanton's conviction and remanded for a *fourth* trial.[4]

During the second trial, Stanton's attorney, Patrick Benca, cross-examined one of the State's witnesses, Lavon Strong. When Benca questioned Strong about whether another man, SanMarcus Jacobs, was carrying a "big blade" or bayonet at the time of the murder, Strong denied that such an assertion was true. Benca responded by asking Strong whether he remembered telling Benca and his co-counsel, Jessica Duncan-Johnston, during a jailhouse interview that Jacobs was carrying a bayonet. When Strong denied ever saying this, Benca approached the bench and said, "Yeah, we're not witnesses. I'm going to have to ask for a mistrial." After cautioning Benca that he was making himself a witness in the case, the circuit court denied Stanton's motion for a mistrial and, over the State's objection, allowed Benca to use the transcript of the jailhouse interview to refresh Strong's memory.

When Strong reviewed the transcript and admitted it refreshed his memory, the circuit court dismissed the jury. Without the jury present, the court considered whether Benca's interview of Strong was appropriate and whether the State was entitled to a copy of

---

[3]*Stanton v. State*, 2017 Ark. 155, at 9, 517 S.W.3d 412, 417 (*Stanton I*).

[4]*Stanton v. State*, 2020 Ark. 418, at 13–14, 613 S.W.3d 368, 376 (*Stanton III*).

the transcript or recording. The cross-examination of Strong continued the next day despite Stanton's second request for a mistrial. Strong testified that Benca coerced him into making the statement about the knife. Benca again approached the bench and asked the circuit court for permission to "go into the details of what it is that he told her because I have a transcript that says that none of this stuff happened." Despite the circuit court's warning that "I've told both of you to stay away from this issue, and then you've gone ahead and asked those questions anyway[]" and the prosecutor's request to limit further discussion of the issue, Benca announced in open court: "You've got to be kidding me. I'm a witness in this case." Benca asked for another mistrial.

While the jury was in recess, Benca again asserted he was now "a potential witness[,]" along with the prosecutor, and again asked for a mistrial. The prosecutor contended that Benca could not intentionally create a situation to cause a mistrial and alleged that

> [Benca] was made aware of what [Strong's] testimony would be. I told him, it's all on the record, that he felt misled. And he knew that if he asked him those questions that's what the response was going to be. He was well aware of it beforehand. And so, it may be bad lawyering, but he did it. He asked the question and he got the answer and now he's stuck with the answer, unless he can put some witness on there to impeach him, which he will get the opportunity to do during his case in chief.

The circuit court confirmed with Benca that his "argument on mistrial is that you have become a necessary witness in this case[.]" After Benca explicitly agreed, the circuit court granted Stanton's motion for a mistrial.

Two weeks later, on August 20, 2018, the circuit court filed a letter order formally disqualifying Benca as Stanton's counsel because of Benca's repeated assertions that he was

a necessary witness in the case. Jeff Rosenzweig entered a limited appearance as Stanton's attorney following Benca's disqualification and sought to have Benca reinstated as Stanton's counsel. In a letter filed October 18, 2018, the circuit court explained that it had already ruled on Benca's disqualification, and he could not serve as Stanton's counsel because of Benca's own concession that he was a necessary witness in the case. Stanton never appealed the 2018 order disqualifying Benca, and Rosenzweig represented Stanton in his third trial.

On remand, the fourth trial—then overseen by Judge Wren Autrey—began with Judge Autrey granting Jeff Rosenzweig's motion to withdraw as Stanton's counsel and with Benca moving to enter his appearance—a motion Judge Autrey recognized but never expressly granted. Shortly thereafter, Judge Autrey recused himself from the case, and Judge Brent Haltom took over. In response, Benca filed a motion on April 19, 2021, requesting that Judge Haltom recuse from the case. The circuit court held a hearing the next day where Stanton appeared with Benca as his attorney. The following day, the circuit court entered an order noting that Benca had previously been disqualified as counsel and could not represent Stanton. The circuit court ordered Stanton to appear the next month with proper counsel, i.e., not Benca.

On April 27, 2021, Stanton filed a notice of appeal concerning the April 21, 2021, order and argued that the circuit court improperly disqualified Benca as trial counsel. The State argues that Stanton's notice of appeal is untimely because disqualification occurred on August 20, 2018, not April 21, 2021, and, consequently, Stanton's appeal should be dismissed for lack of appellate jurisdiction. The State is correct.

10

Arkansas Rule of Appellate Procedure–Civil 2(a)(8), which allows for an interlocutory appeal from an order disqualifying an attorney as counsel, applies to criminal proceedings.[5] A party who seeks an interlocutory appeal under Rule 2(a)(8) must file a notice of appeal within thirty days of the entry of the order disqualifying the attorney.[6] Once an attorney is properly disqualified as trial counsel because he is a necessary witness, he cannot subsequently enter an appearance whenever he pleases.[7] The attorney's disqualification maintains so long as he is likely to be a necessary witness at trial.[8] Therefore, Stanton had thirty days from the initial disqualification of his counsel—August 20, 2018—to file his notice of appeal. This would have made Stanton's notice of appeal due no later than September 20, 2018. However, Stanton waited 981 days to file his notice of appeal. There should be

---

[5]*Samontry v. State*, 2012 Ark. 105, at 5–6, 387 S.W.3d 178, 182.

[6]Ark. R. App. P. –Civ. 4(a); *see also Byndom v. State*, 344 Ark. 391, 405, 39 S.W.3d 781, 789 (2001) (applying Arkansas Rule of Appellate Procedure –Civil 4(a) to the State when considering within how many days the State must file a cross-appeal in a criminal case).

[7]*See Helena Country Club v. Brocato*, 2018 Ark. 16, at 4, 535 S.W.3d 272, 274 (noting that orders that "disqualif[y] an attorney *from further participation in the case*" are appealable) (emphasis added).

[8]*See id.*

11

no dispute: this makes his notice of appeal untimely.[9] Because an untimely notice of appeal

divests this court of appellate jurisdiction, we should dismiss Stanton's appeal.[10]

Importantly, this is not a separate case. Nearly eight years after the genesis of the

prosecution and four trials later, the case still bears the original case number: 46CR-15-503.

As the circuit court correctly noted in 2021: "As a threshold issue, the Court advised Mr.

Benca that the court could not recognize him as attorney of record *because of previous orders*

*of the circuit court which disqualified him* to represent the defendant, Marvin Stanton, *in this*

*case*." (Emphasis added.) This was not a new disqualification; it was merely a reminder that

Benca had been disqualified. There is no new or separate appealable order.[11]

It is rather apparent why Benca and Stanton chose to not appeal the 2018

disqualification: they wanted the mistrial. Now, five years later, Benca sees another

opportunity to delay Stanton's prosecution. It is not unreasonable to anticipate that the

next trial will include the same witnesses, similar questions and responses, and a similar need

for Benca to inject himself as a witness again. Simply put, the underlying basis for the

original disqualification has not been cured. Criminal defendants and competent defense

attorneys should pay close attention to this case and its majority opinion as a textbook for

---

[9]Ark. R. App. P.–Civ. 4(a).

[10]*Mills v. State*, 2019 Ark. 21, at 1–2, 565 S.W.3d 480, 481 (holding that this court does not have jurisdiction over an appeal when the appellant failed to file a timely notice for appeal).

[11]*See* Ark. R. App. P.–Civ. 4(a).

how to delay and manipulate the process without consequence. We should discourage such gamesmanship and dismiss this appeal.

Even if the appeal were timely—which it is not—Stanton would lose on the merits, and we should affirm Benca's disqualification. A criminal defendant's Sixth Amendment right is not absolute and is "circumscribed in several important respects."[12] Of the many reasons a court may deny a defendant his counsel of choice, one is the "independent interest in assuring compliance with ethical standards and the appearance of fairness[.]"[13] If there is "a showing of a serious potential for conflict[,]" a criminal defendant has no right to be represented by the attorney who creates the conflict.[14]

This court will not reverse a circuit court's decision to disqualify an attorney unless there was abuse of discretion.[15] The Arkansas Rules of Professional Conduct are applicable to disqualification proceedings,[16] and the rules unambiguously provide that "a lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness

---

[12]*Wheat v. United States*, 486 U.S. 153, 159 (1988).

[13]*Id.* at 160.

[14]*Id.* at 164; *see also Samontry*, 2012 Ark. 105, at 12, 387 S.W.3d at 185 ("We, of course, recognize the principle that the presumption in favor of a party's choice of counsel may be overcome by the demonstration of an actual conflict of interest or by a showing of a serious potential for a conflict.").

[15]*Floyd v. State*, 2016 Ark. 264, at 3, 495 S.W.3d 82, 84.

[16]*Id.* at 3, 495 S.W.3d at 85.

unless . . . disqualification of the lawyer would work substantial hardship on the client."[17] With this standard in mind, the circuit court considered Benca's numerous in-court assertions that he was a necessary witness in the case and disqualified Benca accordingly. Benca even renewed this claim at oral argument, warning this court that "this is the fourth trial, . . . [and] there's a potential of trial number five and trial number six because of . . . *who we have on this case and who we don't have on this case* because there's a lot of hearings that have to take place." Based on Benca's own concessions, the disqualification was not an abuse of discretion and did not violate Stanton's Sixth Amendment right.[18] I would hold that the circuit court's simple recognition of Benca's earlier disqualification was not an abuse of discretion.

I respectfully dissent.

*Law Offices of Patrick J. Benca*, by: *Patrick J. Benca*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Christopher R. Warthen*, Ass't Att'y Gen., for appellee.

---

[17]Ark. R. Prof'l Conduct 3.7.

[18]*Wheat*, 486 U.S. at 159–60.