EUGENE WILSON v. EDMUND BURKE, Supervisor of Liquor Control of the State of Missouri.—No. 40173.—202 S. W. (2d) 876.

Division One, June 9, 1947.

*J. E. Taylor*, Attorney General, and *William C. Blair*, Assistant Attorney General, for appellant.

*Stanley P. Clay* and *Norman, Foulke & Warten* for respondent.

614

CONKLING, J.—This is a proceeding to review the judgment and order of the Jasper County Circuit Court, which judgment and order reversed the decision of the Supervisor of Liquor Control, which decision denied a license to respondent to sell liquor in the original package in the City of Joplin.

Under the provisions of The Liquor Control Act, Article 1, Chapter 32, R. S. Mo. 1939, Sections 4784 to 4949, respondent, a retail liquor dealer in Joplin, on May 8, 1946, filed his application for a Package Liquor License with the appellant Burke, State Supervisor of Liquor Control. The statutory qualifications of an applicant for such license are contained within Section 4906, and are, in part, as follows: ". . : and no person *shall* be granted a license or permit . . . *who has been convicted,* since the ratification of the Twenty-first Amendment to the Constitution of the United States, of a violation of the provisions of *any* law applicable to the . . . sale of intoxicating liquor, . . ."

As a part of respondent's application for the license he answered a number of questions, ▮▮▮ one of which was whether he had ever been arrested, indicted, or convicted of any crime. He answered that he had been arrested and indicted for failure to pay an occupation tax to the United States; that the case had been compromised upon a nolo contendere plea; but that there had been no conviction. In answer to the next question as to whether he had "been convicted of any violation of any Federal or state law concerning the manufacture, sale, possession or transportation of intoxicating liquors", he an-

swered, "No . . . See above answer. Record of this proceeding is on file in your (Supervisor's) office."

On May 13, 1946 the Liquor Supervisor replied to respondent respecting the application, returned his statutory fee and bond, denied the license, and as the reason for denial stated to him, in part: ". . . because I do not believe you possess the qualifications prescribed by Section 4906, R. S. Mo. 1939, for the reason that you have been convicted of a law of the United States applicable to the sale of intoxicating liquor, said conviction being in the District Court of the United States, Southwestern Division, Western District of Missouri, Case No. 1943, Entitled U. S. v. Eugene E. Wilson". The letter refusing to issue the license also set out the judgment of conviction. The pertinent portion of the judgment of February 26, 1946 in case 1943 in the Federal Court was as follows: ."The defendant having been convicted on plea of nolo contendere of the offense charged in the indictment in the above-entitled cause, to wit: carried on the business of a Wholesale Liquor dealer, without having paid the special tax therefor as required by law, and the defendant having been now asked whether he has anything to say why judgment should not be pronounced against him, and no sufficient cause to the contrary being shown or appearing to the Court, IT IS BY THE COURT ORDERED AND ADJUDGED that the defendant, having been found guilty of said offense, is hereby assessed a fine in the sum of Two Hundred Fifty ($250.00) Dollars, and costs of this action, and that said defendant be further imprisoned until payment of said fine and costs, or until said defendant is otherwise discharged as provided by law."

In case number 1943 respondent had been charged in two counts with the commission of felonies in violation of Section 3253 of the Internal Revenue Code of the United States.

In due time and as provided in Section 4905B, Laws of Missouri, 1945, page 1031, respondent made application to the Jasper County Circuit Court for review of the order of the Supervisor of Liquor Control, made on May 13, 1946, in refusing to grant the license. Thereafter, that Circuit Court rendered judgment therein reversing the order of the Supervisor denying to respondent the Package Liquor License in issue here. The Supervisor appeals here from that order.

The Supervisor of Liquor Control contends that his refusal to grant the requested license to respondent was in accord with the mandate of Section 4906, because upon respondent's nolo contendere plea to the above charge respondent was *found guilty and convicted* of violating a federal law respecting the sale of intoxicating liquors.

Respondent contends that the two following questions are presented by this appeal: (1) Is a sentence upon a plea of nolo contendere a conviction within Section 4906, and (2) can a conviction based upon a nolo contendere plea be used against respondent in this proceeding to deprive him of the license for which he applied.

It will be noted from reading the above quoted judgment of the Federal Court in case number 1943 that respondent herein was *"found guilty"* and *"convicted"*, after December 5, 1933, of a "law applicable to the . . . sale of intoxicating liquor". That it was such a law is not and cannot be denied. That respondent was "found guilty" is clearly stated in the Federal Court's judgment. That respondent was "convicted" of the offense upon being "found guilty" unequivocally appears upon the face of the judgment. It is true, of course, that the judgment recites that respondent's plea was nolo contendere. But there is nothing in the statute (Sec. 4906) stating that a judgment of conviction based upon a plea of nolo contendere shall be an exception which would permit the Supervisor to grant the license. We cannot write such exception into the statute.

The contentions made by respondent and the discussion in the brief and in the cases cited by respondent respecting the historicity and limitations of the nolo contendere plea are interesting. But they cannot avail respondent here. The statute, Section 4906, stands between respondent and the license for which he applied. The legislature has the right to determine what may deprive an applicant of the right to receive a license to sell liquor. Such right is one of the prerogatives of the legislative branch of the government. The legislature has the right to ignore the manner in which the conviction was reached, whether upon trial, upon plea of guilty or plea of nolo contendere. Upon this very point this Court has heretofore ruled in Neibling v. Terry, 352 Mo. 396, 177 S. W. (2d) 502, wherein, in a disbarment action against Terry, it was contended that because Terry had pleaded nolo contendere to a charge of using the mails to defraud that the judgment of conviction upon such plea could not be used as the basis of disbarment action there upon appeal. In that case the statute, R. S. Mo. 1939, Sec. 13333, stated that "a conviction for any criminal offense involving moral turpitude" authorized disbarment. The decision of the question before us in that case turned on the effect of a nolo contendere plea upon which the judgment of conviction was there based. In ruling that "Terry's conviction on his plea of nolo contendere" was "sufficient to authorize his disbarment under our statute", we discussed the meaning of the word "convicted" as used in a disability statute, and said, in part (352 Mo. l. c. 398): "By statute, in certain instances, a judgment of conviction has been given force because of the fact of its rendition. In such instances the judgment of conviction is made a basis for enforcing a statutory disability. Such statutes in no wise authorize the use of a conviction as an admission to be used to establish liability in a civil suit. Nor do the statutes make any distinction in convictions according to the nature of the plea resulting in such convictions. Nor is there any logical reason for a distinction. For statutory purposes a

conviction on a plea of not guilty carries the same force as one entered on a plea of guilty''. We squarely ruled in Terry's case, as we do here, that the statute, being a disability statute, and failing to note any distinction or exceptions in judgments of conviction "according to the nature of the plea resulting in such convictions'' that we are without any authority to write any exception whatever into the statute. Such is a legislative function. The legislature wrote the statute. Our function is limited to its interpretation. We can write neither the statute nor our philosophy with respect to how we may believe the legislature should have written the statute. State v. Kennedy, 343 Mo. 786, 794, 123 S. W. (2d) 118.

Much reliance is placed by respondent upon the case of Meyer v. Missouri Real Estate Commission, 183 S. W. (2d) 342, decided by the Kansas City Court of Appeals since our opinion in Neibling v. Terry, supra. That case is readily distinguishable from the instant case. In Meyer's case there was a nolo contendère plea to a charge of embezzlement which charge and the nolo contendere plea thereto was sought to be used to revoke Meyer's license as a real estate broker. Section 14 of the act there involved made it mandatory upon the Commission to revoke a license where the broker ''shall be convicted'' of embezzlement. In that case, however, there was no ''conviction''. Meyer entered a nolo contendere plea to the embezzlement charge and the Court's judgment therein recited that ''the imposition of the sentence . . . be, and the same is hereby suspended and said defendant . . . placed on probation.'' In that case Meyer was never (as was respondent here) ''found guilty'' and there never was in Meyer's case a judgment of ''conviction.'' The Meyer case is no authority for the contentions which respondent makes in the instant case.

In our opinion in Terry's case, supra, we discussed the cases of People ex rel. Attorney General v. Edison, 69 Pac. (2d) (Colo.) 246, Shireson v. State Board of Medical ▆ Examiners, 28 Atl. (2d) (N. J.) 879, State v. La Rose, 71 N. H. 435, 52 Atl. 943, and In re Smith, 5 N. E. (2d) 227, and other cases cited by respondent here, and there declined to follow them. We see no reason to now depart from the rule we announced in Terry's case and to follow the rule of the cases cited by respondent. In the case of Louisiana State Bar Association v. Connolly, 206 La. 883, 20 So. (2d) 168, the action in disbarment was founded on one of the Articles of Incorporation of the State Bar Association. No disability statute was involved, as is the case here. If respondent had a defense (upon which question we do not pass at all) to the charge filed against him in the Federal Court in case number 1943 he should have made such defense in that case. His defense to that charge could not be interposed before the Supervisor of Liquor Control in a hearing on his application for the license, as was permitted in some of the cases cited by respondent. The cases

cited by respondent are not in point under our disability statute, Sec. 4906.

It is true that the statute in the Terry case required that the conviction be for a ''criminal offense involving moral turpitude''. Moral turpitude is not here involved. It is not material in the instant case whether the charge of which respondent was convicted was one involving moral turpitude and we do not rule thereon. Section 4906 merely requires the conviction to be a violation of a law applicable to the sale of intoxicating liquor.

Respondent contends in the argument in his brief that because of his nolo contendere plea the actual violation charged in case 1943 has not been legally or competently established, or that, if so, it was established by incompetent evidence. That is not the requirement of Section 4906. All that that statute requires be established is a conviction of the charge. That appellant was convicted is established by the Federal Court judgment, and we are not authorized to and cannot go behind that judgment and inquire into the merits of that controversy.

It follows from the views we hereinabove express that the judgment of the Circuit Court reversing the order of the Supervisor of Liquor Control must be reversed. It is so ordered. All concur.