NEW CITY HOTEL COMPANY *vs.* ALCOHOLIC BEVERAGES CONTROL COMMISSION.

Worcester.   April 9, 1964. — June 1, 1964.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, & REARDON, JJ.

*Alcoholic Liquors,* License. *Estoppel.*

Under G. L. c. 138, § 23B, as amended by St. 1958, c. 514, and § 12, an innholder having a liquor license whose premises were taken by public authority and who did not obtain another suitable location approved by the licensing authorities and did not use the license in the four years next following the date of the taking, during which the license was reserved for him, had no right to have the license reserved after the expiration of the four year period, irrespective of any special circumstances.   [541–542]

The facts, that an innholder's liquor license had been renewed for two years after the expiration of the period in which an unused license may be reserved under G. L. c. 138, § 23B, and that the Alcoholic Beverages Control Commission had approved both renewals, did not estop the commission thereafter from revoking the second of the such renewals as having been improperly granted under § 23B.   [542]

PETITION filed in the Superior Court on October 9, 1963. The suit was heard by *Ford,* J.

*Lawrence H. Fisher* for the petitioner.

*Samuel Adams,* Assistant Attorney General, for the respondent.

SPALDING, J.   This petition for review under the Administrative Procedure Act (G. L. c. 30A) seeks to set aside a decision of the Alcoholic Beverages Control Commission (ABC) revoking an innholders' liquor license granted to the petitioner.   The ABC's decision was affirmed in the Superior Court and the petitioner appealed.

The relevant facts, which are not in dispute, are these.[1] From 1942 to 1957 the petitioner, a Massachusetts corporation, was duly licensed to sell alcoholic beverages in connection with a hotel which it operated in Worcester.   In December, 1956, the premises occupied by the petitioner were taken by eminent domain and after August, 1957 (when the premises were demolished), the petitioner was never actively engaged in the hotel business or in selling alcoholic beverages.   For the years 1958, 1959, 1960, and 1961 the petitioner renewed its license, paying ten per cent of the regular license fee ($150) in accordance with G. L. c. 138, § 23B, as amended by St. 1958, c. 514.   Renewals of the license were granted to the petitioner for 1962 and 1963 and for each of those licenses the petitioner paid the full fee ($1,500).   In each instance the renewal of the license by the license commission of the city of Worcester (Worcester commission) was approved by the ABC.

In August, 1963, the ABC notified the petitioner that it would conduct a hearing in which the petitioner would be called upon to show cause why its license for 1963 should not be revoked.   The reason assigned for the proposed revocation was that the four year period mentioned in c. 138, § 23B, had elapsed and the license was not being used.

The renewals for the years 1962 and 1963 were obtained in these circumstances.   In November, 1962, "it became known that the Holiday Inns of America, Inc. (Holiday) was to build a ten story motel in the Salem Area of Worcester."   This area is being redeveloped with modern buildings pursuant to plans which had been in existence for some two years prior to November, 1962.   The petitioner, in November, 1962, informed the Worcester commission of

---

[1] The case was heard in the court below on documentary evidence, a transcript of the evidence before the ABC, and a statement of agreed facts.

Holiday's proposed motel and its location and that it intended to transfer its license to Holiday. The Worcester commission "made it known that there would be no objection to such a proposed transfer." The motel is "well under construction and . . . should be completed [in] the early part of 1964." The petitioner has agreed with Holiday to transfer its license to it subject to the approval of the Worcester commission and the ABC. If the petitioner's license is revoked it will be unable to obtain an innholder's liquor license since the existing licenses of this nature are already in excess of the legal quota. "No claim is made that the petitioner in anyway misled either . . . [the Worcester commission or the ABC]."

The petitioner argues that the decision to revoke its license was based on errors of law and must be set aside. See c. 30A, § 14 (8) (c).

1. It is apparent that the ABC revoked the petitioner's license because it believed that the renewal of it under c. 138, § 23B, was improper as matter of law, and the petitioner challenges this ruling. We are of opinion that the revocation was proper. Section 23B reads in part: "Any holder of a license issued under this chapter to do business on certain premises which are subsequently taken by public authority and who is required to remove his business from such premises shall not thereby be deprived of his license. Such licensee may apply to the local licensing authorities for a transfer of the license to another location, and in the event that a suitable location is not available which is approved by the licensing authorities, said license shall be reserved for the licensee until such time as a suitable location is approved, *but in no event shall such license be reserved for a period longer than four years from the date of the taking*" (emphasis supplied).

The petitioner asks us to construe this provision so as to allow its license to be reserved for more than four years after the taking if special circumstances can be shown to warrant it. The ABC, it contends, because of erroneous construction of § 23B, never reached the question of special circumstances.

Section 23B shows a legislative intent that a holder of a license should not lose it because his premises were taken by public authority. It also provides the means of protecting the holder by reserving his license for him while he seeks a new location. However, we are of opinion that the section also recognizes that the special privilege of having a license reserved for a person who is not using it should not continue indefinitely, and thus a four year time limit (with no exceptions) for use of the privilege has been set. That such a limitation was intended could hardly have been expressed with more clarity. It follows that after the expiration of the four year period the petitioner lost all rights to have the license reserved for it under § 23B. Moreover, the provisions of c. 138, § 12, governing an innholders' license make it plain that such a license must be exercised on approved premises; it cannot exist as a roving license. See G. L. c. 140, §§ 4, 5, and 6. At the time when the 1963 license was renewed there were no premises in existence where it could be exercised. See *Cheney* v. *Coughlin,* 201 Mass. 204, 207, 208.

2. The petitioner argues that the ABC, because it had approved a renewal of the license for two years after the expiration of the four year period, is estopped to revoke it. We do not agree. The right of the public to have the liquor laws properly administered cannot be forfeited by the action of its officials. *Ferrante* v. *Board of Appeals of Northampton,* 345 Mass. 158, 162–163, and cases cited.

*Decree affirmed*
*with costs of appeal.*