Ben V. CASCIO, Respondent,

v.

Michael D. GARRETT, Supervisor of
Liquor Control for the State of
Missouri, Appellant.

No. KCD 27594.

Missouri Court of Appeals,
Kansas City District.

March 1, 1976.

Motion for Rehearing and/or Transfer
Denied March 29, 1976.

Application to Transfer Denied
May 5, 1976.

John C. Danforth, Atty. Gen., Daniel P.
Card, II, Asst. Atty. Gen., Jefferson City,
for appellant.

Harry A. Morris, Thomas E. King, Laurence R. Tucker, Kansas City, for respondent; Morris, Mitchell, Larson, King,
Stamper & Bold, Kansas City, of counsel.

Before DIXON, P. J., PRITCHARD, C.
J., and WASSERSTROM, J.

PRITCHARD, Chief Judge.

The basic issue is whether respondent is entitled to have his license to sell 5% beer in the original package renewed by reason of a November 16, 1972, gubernatorial pardon of a February 24, 1947, revocation of a license to him to sell liquor by the drink. The reason that the prior license was revoked was that the supervisor of liquor control found that respondent had unlawfully transferred the license and failed to inform the supervisor of the change in the facts stated on his original application for the license.

On December 20, 1972, after the gubernatorial pardon of the 1947 revocation, the then supervisor of liquor control, Courtney Goodman, issued respondent a license to sell 5% beer in the original package. Prior to the expiration of this license respondent made application to appellant for a renewal, but on July 6, 1973, appellant refused to issue the license because, citing § 311.060, RSMo 1969, respondent's previous 1947 license had been revoked. Upon petition for review, the trial court found: "The dispute over the effect of the Governor's pardon is a tempest in a tea pot. The pardon was a nullity, for there was no crime to pardon. At most, it amounted to an executive attestation to the good moral character of plaintiff and his potential eligibility for a license upon termination of his prior revocation. That termination occurred December 20, 1972, when the Supervisor in the exercise of his statutory discretion issued to plaintiff license No. 572. He was not bound by any prior determination of his predecessors." The judgment entered was upon Count I of respondent's amended petition. The allegation therein that the pardon removed any disqualifications flowing from the 1947 license revocation was, as noted, found against respondent by the trial court. Further allegations were that the granting of the 1972 5% beer license constituted a waiver of the supervisor's right to assert any invalidity of the pardon and estops him from refusing to issue the present license applied for on the basis that the Governor lacked authority to pardon respondent; and that the refusal to issue the license was arbitrary, capricious, unreasonable, not authorized by law, and not supported by competent and substantial evidence on the whole record.

The matter of the effect of the gubernatorial pardon is pursued here by respondent, but in a very similar factual background, the issue was ruled in *Theodoro v. Department of Liquor Control,* 527 S.W.2d 350 (Mo. banc 1975), which is controlling on this court. It was there held, 527 S.W.2d 354[10], "Because the governor's pardon was not effective to remove the revocation of respondent's original license, the decision of the supervisor not to renew the license which was granted on the basis of that pardon was in accordance with Sec. 311.-060(1), RSMo 1969, was correct and should have been affirmed."

It is settled that "The legislature has the right to determine what may deprive an applicant of the right to receive a license to sell liquor. Such right is one of the prerogatives of the legislative branch of the government." *Wilson v. Burke,* 356 Mo. 613, 202 S.W.2d 876, 878[1–4] (1947). By § 311.060(1), the legislature has in clear language edicted that " * * * no person *shall* be granted a license or permit hereunder whose license as such dealer has been revoked * * *." (Italics added.) Supervisor Goodman, on December 20, 1972, in apparent reliance on the gubernatorial pardon of respondent, was without authority to issue a license to him. His act in so doing was illegal, in clear disobedience to the mandate of the statute, and therefore the state cannot be estopped to refuse the renewal of that illegal issuance of a license. Compare *Aetna Ins. Co. v. O'Malley,* 343 Mo. 1232, 124 S.W.2d 1164, 1166[4–7] (banc 1938); *Grand River Tp., De Kalb County v. Cooke Sales and Serv.,* 267 S.W.2d 322, 325[3–5] (Mo.1954). See *New City Hotel Co. v. Alcoholic Beverages Con. Com'n,* 347 Mass. 539, 199 N.E.2d 184 (1964), where it was held that the Alcoholic Beverages Control Commission was not estopped to revoke a license after expiration of a four year period of non-use of the license (a statutory

ground for revocation) because of approval of a renewal of the license after expiration of the four year period, saying, 199 N.E.2d 186[3, 4], "The right of the public to have the liquor laws properly administered cannot be forfeited by the action of its officials." See also: *Paulus v. Smith,* 70 Ill. App.2d 97, 217 N.E.2d 527, 532, et seq. (1966); 31 C.J.S. Estoppel § 142, pp. 710, 711; 28 Am.Jur.2d Estoppel and Waiver, § 122, p. 782, et seq., § 124, p. 787; and Anno.-Estoppel-Governmental Bodies, 1 A.L.R.2d 338, 341, §§ 3, 5. The present appellant liquor supervisor was bound to follow the legislative mandate of § 311.-060(1), supra, and his refusal to renew respondent's 5% beer license did not therefore constitute "an illegal exercise of discretion which was arbitrary, capricious and unreasonable."

■ By his Point II, respondent asks this court to consider as plain error the trial court's entry of judgment against him on Count II of his amended petition. The claim here made is that the 1947 revocation was made without proper notice to respondent in violation of his rights to due process of law under the Fourteenth Amendment to the United States Constitution and Art. I, § 10, Const.Mo.1945. Appellant claims that this court may not consider the matter because respondent did not cross-appeal the judgment entered against him on Count II. Note that the judgment on Count I was in respondent's favor. If otherwise validly presented, "The law is that a respondent may attack the erroneous rulings of the trial court for the purpose of sustaining a judgment in *respondent's* favor. (Citing cases.)" *Senter v. Ferguson,* 486 S.W.2d 644, 648[6, 7] (Mo.App.1972). The matter of the propriety of the trial court entering judgment against respondent may be considered, but it need not be considered under the plain error rule.

■ Assuming that respondent timely presented his contention that he had no notice of the 1947 revocation proceedings (i. e. it does not appear whether he presented the question to appellant before the petition for review was filed, but see 73 C.J.S. Pub-

lic Administrative Bodies and Procedure § 215, p. 573), yet, under this record, the contention cannot aid respondent in sustaining his judgment. By his own exhibits, respondent presented documentary evidence that in an identical issue case, a 1953 proceeding in the Circuit Court of Cole County, Missouri, the court affirmed a denial of the issuance of a liquor license to respondent because a previous license had been revoked. In the course of that proceedings, the trial court found that in the 1947 revocation proceedings "the Supervisor of Liquor Control had jurisdiction of the subject matter, arising out of the legal charge, *and jurisdiction of the person of the licensee.*" (Italics added.) There was no appeal from the judgment and finding, and it stands as binding upon respondent. Point II is overruled.

The judgment is reversed and the case remanded with directions to affirm the order of the appellant denying respondent's application for an original package 5% beer license.

All concur.