Cite as 2022 Ark. App. 174

# ARKANSAS COURT OF APPEALS
DIVISION II
No. CV-21-248

| | | |
|---|---|---|
| ROMELIA MORALES | | Opinion Delivered April 20, 2022 |
| | APPELLANT | |
| | | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SECOND DIVISION |
| V. | | [NO. 60DR-19-4210] |
| JUAN ARIAS | | |
| | APPELLEE | HONORABLE CASEY R. TUCKER, JUDGE |
| | | AFFIRMED |

**STEPHANIE POTTER BARRETT, Judge**

Appellant Romelia Morales brings this interlocutory appeal from the order of the Pulaski County Circuit Court disqualifying her attorney, Angela Schnuerle, from representing her in a lawsuit to establish appellee Juan Arias's paternity, custody, child support, and visitation with M.R.A.M. For reversal, Morales argues that (1) Arias failed to demonstrate that Ms. Schnuerle's testimony would satisfy the *Weigel* factors; (2) the circuit court failed to properly consider the *Weigel* factors before granting the disqualification of Ms. Schnuerle; (3) the circuit court erred by disqualifying Ms. Schnuerle because the issue being testified to is uncontested; (4) the circuit court committed a legal error by its analysis of the Rule 3.7 substantial-hardship exception; (5) the circuit court abused its discretion by failing to consider alternatives to disqualification; (6) the circuit court abused its discretion by

ordering Ms. Schnuerle's disqualification on a discovery issue; and (7) the circuit court abused its discretion by disqualifying Ms. Schnuerle's associate attorney. Our jurisdiction of this appeal is pursuant to Arkansas Rule of Appellate Procedure–Civil 2(a)(8). We affirm the order of disqualification.

Morales and Arias had one child out of wedlock, M.R.A.M, who was born on July 29, 2018. On November 4, 2019, Arias filed a petition to establish paternity, custody, child support, and visitation. On December 14, 2020, the circuit court entered an order establishing Arias as the father of M.R.A.M.; awarded physical custody to Morales subject to Arias's visitation, which would be on the same schedule as his other child; and ordered Arias to pay child support in accordance with the guidelines set forth in Arkansas Supreme Court Administrative Order No. 10.

On April 12, 2021, Morales filed an ex parte motion for emergency hearing to suspend visitation. In this motion, Morales alleged that M.R.A.M. was terrified of Arias and cried each time she had to go with him. She alleged that M.R.A.M. was potty trained before beginning visitation with Arias but has now regressed and has become incontinent when emotionally distressed. She alleged that M.R.A.M.'s behavior has changed since she began visiting with Arias and has returned with bruises and scratches. At the initial hearing on the ex parte motion, the circuit court suspended Arias's visitation until April 23 and set a final hearing for that date.

On April 27, Arias filed a verified motion requesting disqualification of counsel and plaintiff's intent to call attorney Angela Galvis Schnuerle as witness. Arias argued that upon

review of M.R.A.M.'s medical records received from UAMS, he discovered direct communication between Ms. Schnuerle and UAMS. He alleged that Ms. Schnuerle made false statements concerning Arias directly to Audra Gately, licensed master of social work (LMSW). A portion of that communication noted in Gately's clinical notes includes:

> a. *Encounter date of April 12, 2021, Page 38, under Clinical Notes:*
> *. . . Please note that this child was potty trained before visitations. Also, I remembered there was testimony that the judge disregarded a 16 year old who claimed to have been molested by the child's father when she was younger and living with Morelia. This same guy was sent to jail about 4 years ago for domestic abuse.*

Arias had never been arrested or gone to jail for domestic abuse as M.R.A.M.'s medical records indicated. He argued that Ms. Schnuerle's direct communication of false information with UAMS made her a necessary witness, and as such, she should be disqualified from representing Morales.

The motion to disqualify Ms. Schnuerle was heard on April 29, 2021. Ms. Schnuerle admitted to the circuit court that the statement found in M.R.A.M.'s medical records that Arias had been convicted of domestic abuse four years earlier had come from her. She stated, "I misread the statement, and it said sentenced for domestic abuse," but argued that it did not matter because a hotline report was made on April 1, eleven days before she communicated with the medical provider.

Audra Gately testified that M.R.A.M. is her patient. Gately stated that she initiated a hotline call on April 2 after her first session with M.R.A.M. and Morales. She said her first communication with Ms. Schnuerle occurred on April 12, 2021, during her second session

with the child. Gately said that the hotline report had been accepted when she had her first contact with Ms. Schnuerle.

Gately testified that Ms. Schnuerle told her that a judge had disregarded a sixteen-year-old girl's claim that Arias had molested her and that he had been sent to jail four years earlier for domestic abuse. Gately said this information concerned her and could be a red flag that there was potential ongoing abuse of the child. She said that she would not necessarily believe the statement about Arias going to jail for domestic abuse if it was provided by counsel but would document what she was told for the record. Gately said her decision to make a hotline report was made independently and not due to anything Ms. Schnuerle had told her.

Gately testified that her last contact with Ms. Schnuerle was on April 19 during which they discussed this hearing. Gately explained that the second contact with Ms. Schnuerle was after she had asked Morales if an attorney was involved because she was worried about M.R.A.M.'s safety after coming home from visits with Arias with reported behavioral changes and new bruises. Ms. Schnuerle told Gately that once a hotline report was accepted, she would file a petition with the circuit court. Gately subsequently received an unfiled copy of an ex parte motion for emergency hearing to suspend visitation signed by Ms. Schnuerle along with potential exhibits, which she placed in M.R.A.M.'s medical records.

The circuit court granted the motion for disqualification and found that Ms. Schnuerle made herself a necessary witness under Arkansas Rule of Professional Conduct 3.7 as a result of "involving herself into her client's treatment plan and providing inaccurate

4

and damaging information on a party." The circuit court found that the damage caused by the communication outweighed the potential for undue hardship to Morales. The circuit court did not change custody of the child; however, visitation was still suspended given the weight of the allegations in the records presented. Morales now brings this interlocutory appeal.

The disqualification of an attorney is an absolutely necessary measure to protect and preserve the integrity of the attorney-client relationship; yet it is a drastic measure to be imposed only when it is clearly required by the circumstances. *Minor v. Barnes*, 2020 Ark. App. 415, 609 S.W.3d 449. A circuit court's decision to disqualify an attorney is reviewed under an abuse-of-discretion standard. *Id.* An abuse of discretion may be manifested by an erroneous interpretation of the law. *Id.* We have held that the Arkansas Rules of Professional Conduct are applicable in disqualification proceedings. *Id.* However, a violation of the Rules of Professional Conduct does not automatically compel disqualification; rather, such matters involve the exercise of judicial discretion. *Id.*

Arkansas Rule of Professional Conduct 3.7 provides:

(a) A lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness unless:

(1) the testimony relates to an uncontested issue;

(2) the testimony relates to the nature and value of legal services rendered in the case; or

(3) disqualification of the lawyer would work substantial hardship on the client.

Rule 3.7 applies to the situation in which the opposing party seeks to call counsel as a witness. *Weigel v. Farmers Ins. Co., Inc.*, 356 Ark. 617, 168 S.W.3d 147 (2004). In addition, a three-part test was adopted to analyze whether disqualification was proper under those circumstances. *Id.* The opposing party must determine (1) that the attorney's testimony is material to the determination of the issues being litigated; (2) that the evidence is unobtainable elsewhere; and (3) that the testimony is or may be prejudicial to the testifying attorney's client. *Id.*

Morales first argues that the circuit court abused its discretion by disqualifying Ms. Schnuerle because Arias failed to demonstrate any of the three factors required for disqualification under *Weigel*, *supra*. Specifically, she argues that Ms. Schnuerle's testimony was not material to the determination of the issues involved in the case.

Morales contends that the communication between Ms. Schnuerle and the medical provider was not material and that the only material evidence is the reliance on the communication by the medical providers; thus, Arias could call the medical providers as witnesses to find out whether they relied on this information. We disagree. Ms. Schnuerle admittedly provided false information regarding domestic abuse on the part of one parent to a medical provider that is recorded in this child's medical records and that may become available to future medical providers. This is absolutely material in this case involving the father's right to visitation.

Morales also argues that any "material" value of Ms. Schnuerle's testimony was eliminated in prior proceedings because Gately decided to make a report to the hotline prior

to any communication with Ms. Schnuerle. We disagree. The timing of the hotline report is not what is at issue in this case. The "material" value of Ms. Schnuerle's testimony has not been eliminated. Ms. Schnuerle's direct communication with Gately resulted in a false statement being memorialized in M.R.A.M.'s medical records and could likely affect Arias's visitation with his child. Only Ms. Schnuerle knows the identity of other medical-care providers or other potential witnesses to whom she disseminated this false information, which makes her testimony relevant and of material value.

Morales also argues that any testimony Ms. Schnuerle would have to offer would be needlessly cumulative and provide no probative value. Again, we disagree with this contention. Arias did not know that Ms. Schnuerle had directly communicated with Gately until he received the medical records from UAMS. Gately testified she would be concerned if she had been provided inaccurate information by counsel when she was trying to provide treatment to a child and focus on what is in the child's best interest. Ms. Schnuerle's testimony would most certainly be relevant and not needlessly cumulative. We hold that the first *Weigel* factor is met, and Ms. Schnuerle's testimony is material to the determination of the issues involved.

Morales argues that the second *Weigel* factor is not met because Arias cannot demonstrate that he cannot obtain this evidence from another source. Morales contends that, according to the supreme court's holding in *Helena Country Club v. Brocato*, 2018 Ark. 16, 535 S.W.3d 272, the testimony at issue is available through other avenues; therefore, Ms. Schnuerle's testimony should not be permitted since this case does not turn on her

7

knowledge of the law but rather the knowledge and weight given to her statements by the medical providers. In *Brocato*, the Helena Country Club appealed the disqualification of its counsel, arguing that the circuit court failed to consider the *Weigel* factors. *Id.* The supreme court agreed and found that the circuit court erred by disqualifying the country club's attorney because there was no demonstration that the attorney's testimony was material or truly necessary to any issues being litigated or that the evidence sought to be admitted was unobtainable elsewhere. This is not the situation we have in this case, and as such, *Brocato* is distinguishable. Ms. Schnuerle is the only person who can testify to whom else she spoke regarding this issue. Thus, the second *Weigel* factor is met.

Morales also argues that Arias failed to demonstrate that Ms. Schnuerle's testimony would be prejudicial, which is the third and final *Weigel* factor. She contends that Schnuerle's testimony, unlike the testimony in *Weigel*, would have little effect, if any, on Morales's case. We disagree. Ms. Schnuerle communicated to Ms. Gately false information that could negatively impact the child's evaluations and treatment recommendations by future medical providers. Ms. Gately testified that it would be concerning if she was provided with untruthful accusations regarding a patient's parent. It is difficult to see how this testimony is not prejudicial to Morales's case. Therefore, we hold that all three *Weigel* factors have been met.

For her second point on appeal, Morales argues that the circuit court abused its discretion by not properly considering the *Weigel* factors before ordering the disqualification of Ms. Schnuerle. Specifically, she argues that the record does not contain evidence that the

*Weigel* factors were considered because the written motion to disqualify did not reference the factors and did not produce any supporting case law that properly briefed the circuit court on the *Weigel* factors and that the circuit court's oral and written decisions did not consider the *Weigel* factors before disqualifying Ms. Schnuerle. She is mistaken. There is no requirement for a circuit court to specifically reference *Weigel* or its factors; it requires the consideration of the *Weigel* factors. *Minor v. Barnes*, 2020 Ark. App. 415, 609 S.W.3d 449. A failure to reference does not equal a failure to consider. *Id.* Here, the circuit court clearly considered the *Weigel* factors when it determined that Ms. Schnuerle's testimony would be material and not obtainable from anyone else, as she was the only person who could testify as to what she did, and it could be prejudicial to Morales. Failure to make written findings of the *Weigel* factors does not constitute an abuse of discretion. This court has repeatedly stated that in the absence to the contrary, this court must presume that a court acted properly and made the findings necessary to support its judgment. *Minor*, 2020 Ark. 415, 609 S.W.3d 449.

Morales's third point on appeal is that the circuit court abused its discretion by disqualifying Ms. Schnuerle because her testimony would fall under an exception to Professional Conduct Rule 3.7. She contends that Ms. Schnuerle should be allowed to testify and act as an advocate because her testimony relates to an uncontested issue, and she can testify only to her personal knowledge, which would be limited to the medical providers she spoke to. She argues that the issue in controversy is whether continued visitation between Arias and M.R.A.M. is in the child's best interest. We disagree. The issue in controversy is

9

whether Arias has abused his child and, as such, is a very contested issue. Again, Ms. Schnuerle is the only person who can testify as to which medical providers she spoke to and what her intentions were by engaging in such communications. The circuit court did not abuse its discretion by disqualifying Ms. Schnuerle since this is not an uncontested issue.

For her fourth point on appeal, Morales argues that the circuit court committed a legal error by holding that Ms. Schnuerle's testimony did not fall under the exception of a substantial hardship found in Rule 3.7. Specifically, she contends that the circuit court did not consider the prejudice suffered by Morales if Ms. Schnuerle testified and acted as an advocate in the same proceeding but incorrectly focused on the prejudice to Arias as a result of Ms. Schnuerle's statements. The circuit court order provided:

> The Court weighed the prejudice to the Defendant by disqualifying counsel for the false statements made about Plaintiff to the parties' minor child's medical professional versus the harm to the Plaintiff and found the prejudicial effect of the child's medical records reflecting false information regarding the Plaintiff was far greater than Defendant's ability to find different counsel.

Here, the circuit court made it clear that while there would be potential undue hardship to Morales by Ms. Schnuerle's disqualification, the damage caused by Ms. Schnuerle's involving herself in a client's treatment plan was greater. The circuit court correctly applied the law in this case, and there was no abuse of discretion.

Morales next argues that the circuit court abused its discretion by failing to consider alternatives to disqualification. She contends that Ms. Schnuerle offered the circuit court several options in lieu of disqualification and that disqualification is a drastic measure. Arkansas Rule of Appellate Procedure–Civil 3(g) requires that an appellant who does not

10

designate for inclusion the complete record and all the proceedings and evidence in the action, shall serve with his notice of appeal and designation a concise statement of the points on which he intends to rely on the appeal. Ark. R. App. P.–Civ. 3(g) (2021). Morales's second amended notice of appeal does not designate this as a point on appeal; therefore, it is not preserved for our review. It is well settled that the court will not consider arguments raised for the first time on appeal. *Olson v. Olson*, 2014 Ark. 537, 458 S.W.3d 128. Accordingly, we do not address Morales's argument on this point.

Morales also argues that the circuit court abused its discretion by disqualifying Ms. Schnuerle because this was a discovery issue, and it was "apparent" that Ms. Schnuerle's testimony was not the proper avenue to address Arias's concerns. This argument is without merit. First, there is no evidence in the record that Ms. Schnuerle was disqualified over a discovery issue. Ms. Schnuerle was disqualified for providing false information about Arias to LMSW Gately, which was included in the minor child's medical records. Furthermore, Morales does not support this contention with a convincing argument or citation to authority. Where no citation to authority or convincing argument is offered, we decline to address the issue on appeal. *Norman v. Norman*, 347 Ark. 682, 66 S.W.3d 635 (2002).

Morales's final point on appeal is that the circuit court abused its discretion by denying Ms. Schnuerle's request to have an associate attorney, Mary Wright, act as counsel for Morales. She argues that Professional Conduct Rule 1.10 does not apply and that Ms. Wright could represent Morales with her written consent under Rule 1.7. Arias contends that these arguments are not reviewable on appeal because Ms. Schnuerle failed to introduce

11

evidence of either of these contentions to the circuit court.  We agree.  There is no ruling in the record that Ms. Wright was disqualified.  We hold that neither of these arguments is reviewable on appeal because there was no ruling by the circuit court on whether Ms. Wright could represent Morales.  Morales carries the burden to obtain a ruling from the circuit court, and the failure to do so will preclude appellate review.  *Brocato*, 2018 Ark. 16, 535 S.W.2d 272.

Affirmed.

VAUGHT and BROWN, JJ., agree.

*Galvis Law, PLLC*, by: *Angela Galvis Schnuerle*, for appellant.

*William L. Owen, P.A.*, by: *William L. Owen*; and *Hale & Young, P.L.L.C.*, by: *Paul A. Young*, for appellee.