Cite as 2022 Ark. App. 261

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV-21-268

| | |
|---|---|
| | **Opinion Delivered** May 25, 2022 |
| TOWNSHIP BUILDERS, INC. | |
| APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, ELEVENTH DIVISION |
| V. | [NO. 60CV-19-4923] |
| | |
| CITY OF GRAVETTE, ARKANSAS, AND EMPLOYERS MUTUAL CASUALTY COMPANY | HONORABLE PATRICIA JAMES, JUDGE |
| APPELLEES | AFFIRMED |

## LARRY D. VAUGHT, Judge

Township Builders, Inc. (Township Builders), appeals the Pulaski County Circuit Court's dismissal of its complaint for declaratory judgment. We affirm.

Township Builders entered into a contract with the City of Gravette (the City) to perform construction work to repair a leak in the equalization lagoon at the City's wastewater treatment plant. Employers Mutual Casualty Company ("EMC") issued a performance bond to the City guaranteeing Township Builders' work.

It is undisputed that Township Builders performed work on the project and that, after the completion of that work, the equalization lagoon continued to leak. The parties dispute whether the leak is due to a breach of contract or other tortious action or inaction by Township Builders.

On February 6, 2019, the City notified EMC of Township Builders' potential default of its construction contract. Such notice is required by the terms of the performance bond. The parties then met to try to resolve the dispute, but those discussions were unsuccessful. The City notified EMC on June 27, 2019, that Township Builders was in default, signaling to Township Builders that the City was initiating legal recourse for breach of the construction contract. Under the terms of the performance bond, the City was required to provide EMC with a fourteen-day notice of its intent to declare default prior to filing suit.

Township Builders then filed a declaratory-judgment action in the Pulaski County Circuit Court on July 15, 2019. The complaint, consistent with the notices the City provided to EMC, focuses on whether Township Builders breached its construction contract. Township Builders alleged that it had fully performed and completed the construction contract and requested that the circuit court enter a declaratory judgment finding that it is not in default or breach and that it did not owe EMC anything under the terms of the performance bond. Township Builders' complaint also included a third count requesting damages from the City for additional work that Township Builders allegedly performed.

Shortly after Township Builders filed its declaratory-judgment suit in Pulaski County, the City filed a breach-of-contract action in the Benton County Circuit Court and named Township Builders and EMC, among others, as defendants. The City subsequently filed a timely motion to dismiss Township Builders' declaratory-judgment complaint, pending in Pulaski County, on July 31, 2019, pursuant to Arkansas Rule of Civil Procedure 12(b)(3) and (6). The City asserted that Benton County is the only proper venue to resolve the parties' contractual dispute per Arkansas Code Annotated § 16-60-106 (Repl. 2016), which mandates

2

that contract claims against a city must be filed in the county in which the city lies. The City further argued that Township Builders' attempt to litigate by way of declaratory judgment its defense to the City's breach-of-contract claims is not a proper use of the declaratory-judgment statutes and should be dismissed. Township Builders responded to the motion to dismiss and the arguments raised by the City by voluntarily dismissing its claim for damages against the City. The remaining counts sought declarations that Township Builders did not breach the construction contract and that its performance bond is not implicated.

Due largely to the COVID-19 pandemic, the City's motion to dismiss remained pending for more than twenty months. The court was finally able to hold a hearing via video on April 1, 2021. On April 23, 2021, the court issued an order granting the City's motion to dismiss, and on April 28 it issued an amended order changing the dismissal from one with prejudice to one without prejudice. In the orders, the court found that it had jurisdiction over the matter and parties, that "the root issue in this case is a claim for breach of contract," and that "[t]he open case in Benton County, Arkansas, involves all parties necessary to resolve the breach of contract issues." The court granted the City's motion to dismiss, and Township Builders appeals that ruling.

Our standard of review for the granting of a motion to dismiss is whether the circuit court abused its discretion. *Hamby v. Health Mgmt. Assocs., Inc.*, 2015 Ark. App. 298, at 2–3, 462 S.W.3d 346, 349; *Dockery v. Morgan*, 2011 Ark. 94, 380 S.W.3d 377. In reviewing a circuit court's decision on a motion to dismiss, we treat the facts alleged in the complaint as true and view them in the light most favorable to the party who filed the complaint. *Id.* All reasonable

3

inferences must be resolved in favor of the complaint, and the pleadings are to be liberally construed. *Id.*

This appeal hinges on whether Township Builders' case was a cognizable declaratory-judgment action properly filed in Pulaski County or, alternatively, whether it was essentially a breach-of-contract case that, pursuant to statute, must be filed in Benton County. There are two Arkansas statutes at play here. Arkansas Code Annotated section 16-60-101 provides, in pertinent part:

> (a) A civil action other than a civil action mentioned in §§ 16-60-102–16-60-109, 16-106-101, and specific venue provisions codified in another title of the Arkansas Code shall be brought in any of the following counties: . . .
>
> (3)(A) The county in which the plaintiff resided at the time of the event or omission giving rise to the cause of action; or
>
> (B) If the plaintiff is an entity other than an individual, the civil action shall be brought in the county where the plaintiff had its principal office in this state at the time of the event or omission giving rise to the cause of action.

Ark. Code Ann. § 16-60-101.

In contrast, Arkansas Code Annotated section 16-60-106 (Repl. 2016), which governs contract cases, provides:

> A civil action on a debt, account, or note, or for goods or services against a city of the first class, a city of the second class, an incorporated town, a public facilities board, or a county shall be brought in the county in which the city, town, public facilities board, or county lies.

Ark. Code Ann. § 16-60-106.

The circuit court determined that, despite being styled as a declaratory-judgment action, this case was governed by the special venue provisions in section 16-60-106 pertinent to contract cases against a city. Pursuant to section 16-60-106, the circuit court concluded that

4

Benton County was the appropriate venue and dismissed the Pulaski County case. In reaching that conclusion, the circuit court determined that Township Builders' "declaratory judgment" case was an attempt to litigate the disputed facts at issue in the City's allegation that Township Builders had breached its construction contract.

In order to determine whether the circuit court's conclusion amounted to an abuse of discretion, we must determine whether Township Builders' complaint sounded in contract or stated a claim for declaratory judgment. To settle this issue, we need look to the plain language of the declaratory-judgment statute, Arkansas Code Annotated section 16-111-102, which provides:

> Any person interested under a deed, will, written contract, or other writings constituting a contract or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise *may have determined any question of construction or validity* arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder.

Ark. Code Ann. § 16-111-102 (Repl. 2016) (emphasis added).

We agree with the City that Township Builders' complaint falls outside the scope of the declaratory-judgment statute. Instead, it requests that the circuit court hear evidence and make factual findings as to whether Township Builders breached its contract. This sort of inquiry is not a "question of construction or validity" of the contract. It is an attempt to legally establish certain key facts, many of which would have a significant impact on the City's breach-of-contract claim pending in Benton County. Therefore, we hold that Township Builders' complaint falls outside the scope of Arkansas's declaratory-judgment statute.

Township Builders argues that caselaw and the Arkansas Rules of Civil Procedure instruct that when there are two cases pending regarding the same subject matter, it is the

5

subsequently filed suit that should be dismissed. Ark. R. Civ. P. 12(b)(8) (2021); *Tortorich v. Tortorich*, 324 Ark. 128, 131, 919 S.W.2d 213, 214 (1996) (where concurrent jurisdiction is vested in different tribunals, "the first exercising jurisdiction rightfully acquires control to the exclusion of, and without the interference of, the other." (quoting *Doss v. Taylor*, 244 Ark. 252, 257, 424 S.W.2d 541, 544–45 (1968))). "According to Rule 12(b)(8), when a suit is brought while another suit is pending between the same parties concerning the same subject matter, the trial court where the second suit is brought has no choice but to dismiss the second suit." *Brandon v. Ark. W. Gas Co.*, 76 Ark. App. 201, 211, 61 S.W.3d 193, 200 (2001). Township Builders claims that Rule 12(b)(8) provides a basis on which the Benton County case could have been dismissed but does not support the circuit court's dismissal of the Pulaski County case, which was filed first.

We cannot reach the merits of this argument for two reasons. First, Township Builders failed to obtain a ruling from the circuit court on this issue. The appellant carries the burden of obtaining a ruling from the circuit court on any issue it wishes to appeal, and the failure to do so will preclude appellate review. *Morales v. Arias*, 2022 Ark. App. 174, at 12, ___ S.W.3d ___, ___; *Paschal Heating & Air Conditioning Co. v. Zotti*, 2021 Ark. App. 372, at 4 ("[O]ur courts have repeatedly held that a party's failure to obtain a ruling is a procedural bar to this court's consideration of the issue on appeal."). When a circuit court does not provide a ruling on an issue, it is an appellant's responsibility to obtain a ruling to preserve the issue for appeal. *Neal v. Sparks Reg'l Med. Ctr.*, 2012 Ark. 328, 422 S.W.3d 116.

Second, as is discussed at length above, Arkansas Code Annotated section 16-60-106 provides the basis for dismissing Township Builders' Pulaski County lawsuit, which purported

6

to seek a declaratory judgment but which the circuit court correctly determined was an impermissible attempt to litigate the parties' breach-of-contract dispute in Pulaski County rather than in Benton County. That is the only matter before us in the present appeal. We have no jurisdiction to explore whether Rule 12(b)(8) should have mandated the dismissal of the City's separate breach-of-contract claim in Benton County. We affirm.

Affirmed.

HARRISON, C.J., and VIRDEN, J., agree.

*James & Carter, PLC*, by: *Daniel R. Carter*, for appellant.

*PPGMR Law, PLLC*, by: *Kimberly D. Logue* and *John F. Peiserich*; and *Kendall Law Firm, PLLC*, by: *Donald B. Kendall* and *Susan Keller Kendall*, for separate appellee City of Gravette, Arkansas.