Cite as 2022 Ark. 214

# SUPREME COURT OF ARKANSAS

No. CV–22–250

|  |  |
|---|---|
|  | **Opinion Delivered:** December 1, 2022 |
| RISIE HOWARD, AS SPECIAL ADMINISTRATRIX OF THE ESTATE OF MRS. GEORGE HOWARD JR. (VIVIAN), DECEASED | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT [NO. 60CV-21-4589] |
| APPELLANT | HONORABLE PATRICIA JAMES, JUDGE |
| V. | REVERSED AND REMANDED. |
| BAPTIST HEALTH A/K/A BAPTIST HEALTH HOME HEALTH NETWORK; DIAMOND RISK INSURANCE COMPANY, LLC; JOHN HARRIS, M.D.; LEAH WILLETT, B.S.N., R.N., INDIVIDUALLY; ALICIA BRUCKS, S.L.P., INDIVIDUALLY; AND BRANDY M. CANTWELL, P.T., INDIVIDUALLY |  |
| APPELLEES |  |

**BARBARA W. WEBB, Justice**

Attorney Risie Howard appeals from an order of the Pulaski County Circuit Court disqualifying her as the attorney representing the estate of Mrs. George Howard in a case arising from Mrs. Howard's medical treatment. On appeal, Attorney Howard argues that the circuit court erred in granting the defendants' motion to disqualify her because it erroneously interpreted Rule 3.7 of the Arkansas Rules of Professional Conduct and misapplied the Arkansas Supreme Court's *Weigel* test, promulgated in *Weigel v. Farmers Insurance Co., Inc.*, 356 Ark. 617, 624–25, 158 S.W.3d 147, 152–53 (2004). We reverse and remand.

## I. *Facts*

Attorney Howard is the daughter of Mrs. George Howard, Jr., deceased, and the duly appointed administratrix of Mrs. Howard's estate. Her letters of administration grant her the authority to investigate, negotiate, settle, mediate, litigate and appeal all matters of the estate that arise. In accordance with her duty as administratrix, Attorney Howard filed suit against Baptist Health, three of its employees, one of Baptist Health's subsidiaries, and Mrs. Howard's primary-care physician, Dr. John Harris. The complaint alleged causes of action that sounded in tort and contract. The complaint asserted that Attorney Howard was a witness to some of the allegedly negligent medical treatment that Mrs. Howard received.

Defendants Baptist and Dr. Harris filed a motion to disqualify Attorney Howard. They alleged that she would be a necessary witness at the trial, even though Attorney Howard advised them both in writing and in open court that she did not intend to be the attorney that would handle the case at trial. She specifically stated that her role was to handle just the pretrial issues.

The circuit court granted the defendants' motion to disqualify Attorney Howard. Ruling from the bench, the circuit court made the following findings, which were incorporated by reference in the written order:

> [I]t does appear from today's hearing that the issue is not necessarily whether or not Ms. Howard may or may not be a material witness. I mean, even reading the pleadings -- Ms. Howard's pleadings talk about her personal experiences, observations, things she heard, things she said --heard, said, things she noticed about her mother. She -- and as the administrator of the estate she's absolutely a material witness. There's no other way she can be -- not get around that. And, Ms. Howard, you can't say, you know, this is an uncontested matter because if it is uncontested, we wouldn't be having this hearing. We wouldn't be having any hearings. You all would have signed a Consent Order and it would be done. You know, uncontested matters as I read it in the law

2

is just that uncontested. And -- and same for if you have a claim as a child that you suffered trauma or stress and should receive damages, sure you can call an expert, but the expert can't have an opinion without interviewing you or talking to you or seeing what the nature of your trauma is. So there -- you can't say there's other ways to get this information other than getting it from you. And this Court feels that -- and definitely I looked over the Weigel factors, you know, and each of those things, I mean, I don't think -- and I'm really very compelled by the fact where they talked about the policy objectives of, you know, an advocate who becomes a witness may be in a bad position of arguing about their own credibility. The role of advocate and witness are inconsistent, should not be assumed by one individual. An attorney should not act as both trial counsel and material witness because of the appearance of impropriety. You not only have two hats in this you have three. You're acting as the attorney; you're acting as a witness; you're acting as the administrator. I mean, you may even have four if you claim that you also in your individually --individual capacity should have damages because you were there and witnessed much of these things that went on.

In light of *Barnes* and I didn't -- I was not the attorney on *Barnes* that -- that happened as counsel stated when Judge Piazza was on the bench, but I have read the opinion that came down because it came back to me and he is correct, that was not an at-trial issue. This Court just cannot accept the really limited view of at trial that -- Ms. Howard that you're – you're taking. To me at trial that hearing was not a trial. It wasn't a jury trial or a bench trial it was a hearing. It was a pre-trial hearing and once Judge Piazza found that a partner in a law firm can't act as the attorney as well. And that's very similar to the case that we have here. You can't act as all these parties at the same time. Whether or not you believe an issue is contested I haven't seen a lawsuit especially a medical malpractice that I've been reading that had any issue -- I mean, most issues were contested what someone said, what care they gave, things of that nature. I -- I just do not see any way in preparing for trial that you can act as both -- in all three of these capacities. Not to mention the emotional wear and tear on you. This is -- this is something that obviously is very emotional for you. It -- it should be, this is your parent. It would not allow you to even have that distance from having to deal with this case.

But at the end of the day there is – whether you say, oh, I wouldn't claim work product or I wouldn't do this or I wouldn't do that at the end of the day these rules are set in place definitely for those reasons. If you talk to someone and you didn't really consider that was in your capacity as yourself or as an administrator, but more as your capacity as an attorney, that really hinders his ability to represent the Defendants. And could come down to more issues later on. So I'm -- for those reasons I'm going to find that you have to be disqualified as the attorney in this matter. I don't think there's

undue prejudice because I haven't -- you know, most attorneys out there will take cases on contingency matters especially in a wrongful death or any other kind of tort. So I can't find that there's any substantial -- I lost my words -- that this would cause you any substantial hardship if -- if you go out and talk to some of the others -- especially, if you're going to hire these people to come try it at trial. So for those reasons I am going to grant this Motion.

Attorney Howard timely filed a notice of appeal

## II. *Standard of Review*

This court reviews a trial court's decision to disqualify an attorney under an abuse-of-discretion standard. *Weigel*, *supra*. An abuse of discretion may be manifested by an erroneous interpretation of the law. *Id*. While the Rules of Professional Conduct are applicable in disqualification proceedings, a violation of the Rules does not automatically compel disqualification; rather, such matters involve the exercise of judicial discretion. *Id.* (citing *Norman v. Norman*, 333 Ark. 644, 970 S.W.2d 270 (1998)).

## III. *Argument on Appeal*

Attorney Howard argues that the circuit court erred in disqualifying her as the attorney for the estate because she was acting only as a "pre-trial advocate," not the "trial advocate" that is contemplated by Rule 3.7 of the Arkansas Rules of Professional Conduct. She contends that Rule 3.7 does not apply to pretrial advocacy. Further, Attorney Howard argues that the circuit court misapplied the three-part test that was adopted by the Arkansas Supreme Court in *Weigel*. The *Weigel* court stated that to disqualify opposing counsel and prevent him or her from testifying at trial, the opposing party must demonstrate three things: "(1) that the attorney's testimony is material to the determination of the issues being litigated; (2) that the evidence is unobtainable elsewhere; and (3) that the testimony is or may be prejudicial to the testifying attorney's client." 356 Ark. at 625, 158 S.W.3d at 153. Attorney

4

Howard asserts that the defendants' motion to disqualify her fails first and foremost because her testimony would not be prejudicial to the estate. Second, Attorney Howard asserts that there were other eyewitnesses who could testify regarding Mrs. Howard's injuries—so the second prong of the *Weigel* test is not satisfied. Accordingly, Attorney Howard asserts that her disqualification should be reversed. We agree.

Disqualification of an attorney is a "drastic measure" to be imposed only where clearly required by the circumstances. *Id.* (citing *Craig v. Carrigo*, 340 Ark. 624, 12 S.W.3d 229 (2000)). The *Weigel* court further stated that attorney disqualification is considered "an absolutely necessary measure to protect and preserve the integrity of the attorney-client relationship." *Id.* at 621, 12 S.W.3d at 150. The *Weigel* court also stated that this test takes into consideration many of the reasons for prohibiting an attorney from being both advocate and necessary witness: (1) an advocate who becomes a witness may be in the unseemly position of arguing his own credibility; (2) the roles of advocate and witness are inconsistent and should not be assumed by one individual; and (3) the attorney should not act as both trial counsel and a material witness because of the appearance of impropriety. *Id.* at 625–26, 158 S.W.3d at 152–54.

Acting in a purely pretrial capacity implicates none of the policy concerns articulated in *Weigel* and its progeny. As Attorney Howard persuasively argues, Rule 3.7 concerns an attorney who is called to testify at trial. Other pretrial activities, such as drafting discovery motions, drafting pleadings, and even entertaining settlement offers, do not involve an attorney acting as a "witness." While the circuit court's extensive findings manifested concern for Attorney Howard, it simply did not faithfully apply Rule 3.7 and the precedent

5

established by *Weigel* and its progeny. Accordingly, the circuit court's ruling represents a manifest abuse of discretion. We therefore reverse the disqualification order and remand this case to the circuit court for further proceedings consistent with this opinion.

Reversed and remanded.

KEMP, C.J., and WOOD and WYNNE, JJ., dissent.

**RHONDA K. WOOD, Justice, dissenting.** The circuit court, to whom we have granted discretion in these issues, found that Howard could not act as counsel for the estate of her mother because she was likely to be a necessary trial witness. Because I cannot find that the circuit court abused its discretion, I would affirm.

An abuse of discretion means a decision improvidently exercised or exercised thoughtlessly and without due consideration. *Valley v. Phillips Cnty. Elec. Comm'n*, 357 Ark. 494, 498, 183 S.W.3d 557, 560 (2004). Here, Howard filed a complaint founded on her own observations and accounts of her mother's medical care, and the appellees contest those claims. At the hearing, the circuit court considered the pleadings, the briefs on this issue, and the arguments and concluded that Howard is "absolutely a material witness." "Discretion means that the rules are not inflexible, that there is some leeway in the exercise of sound judgment." *Id.* It is not our role to overrule deliberative circuit court decisions. Thus, given the circuit court's thorough review and well-reasoned finding that Howard is a necessary trial witness, its decision to disqualify her was not an abuse of discretion.

Howard argues she will be acting only as pretrial counsel and not trial counsel. But we have previously rejected the argument that Arkansas Rule of Professional Conduct 3.7 only prohibits an attorney-witness's representation "at trial." *See Int'l Res. Ventures, Inc. v.*

6

*Diamond Min. Co. of Am., Inc.*, 326 Ark. 765, 771, 934 S.W.2d 218, 222 (1996); *Bishop v. Linkway Stores, Inc.*, 280 Ark. 106, 126, 655 S.W.2d 426, 436 (1983) (supplemental opinion on denial of rehearing). "We have repeatedly held that an attorney must decide whether he should serve as a witness or as an advocate. An attorney who desires to testify must withdraw from the litigation. An attorney who desires to serve as an advocate may not testify." *Carlton Props., Inc. v. Ken's Disc. Bldg. Materials, Inc.*, 282 Ark. 521, 523–24, 669 S.W.2d 469, 471 (1984). This is settled precedent.

The majority concludes that Howard can participate in pretrial activities. However, disqualification for trial alone is insufficient to remedy the conflict between Howard's role as advocate and witness. Howard's status as attorney and witness both pretrial and during trial may unduly complicate discovery, and her dual role when revealed to the jury may create an improper inference that her testimony is more credible than the appellees' testimony and the testimony of their witnesses. Put simply, restricting the application of Rule 3.7 and *Weigel*[1] to "at trial" requires a departure from well-reasoned precedent. Therefore, I dissent.

KEMP, C.J., and WYNNE, J., join.

*George Howard Jr. Legal Center, LLC*, by: *Risie Howard*, for appellant.

*Mitchell, Williams, Selig, Gates & Woodyard, PLLC*, by: *Graham Talley* and *Cara D. Butler*; and *Wright, Lindsey & Jennings LLP*, by: *Scott D. Provencher*, for appellees.

---

[1] *Weigel v. Farmers Ins. Co., Inc.*, 356 Ark. 617, 158 S.W.3d 147 (2004).