Cite as 2023 Ark. App. 596

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV-22-800

| | | |
|---|---|---|
| TINA JONES | | Opinion Delivered December 13, 2023 |
| | APPELLANT | |
| | | APPEAL FROM THE PULASKI |
| V. | | COUNTY CIRCUIT COURT, |
| | | FIFTEENTH DIVISION |
| AUSTIN REDDIG | | [NO. 60DR-19-513] |
| | APPELLEE | |
| | | HONORABLE AMY DUNN |
| | | JOHNSON, JUDGE |
| | | |
| | | AFFIRMED |

**MIKE MURPHY, Judge**

This is an interlocutory appeal from an order disqualifying counsel for appellant, Tina

Jones. The court disqualified her counsel, Joshua Drake, finding that Drake was in violation

of Arkansas Rules of Professional Conduct 3.7 and 1.7. On appeal, she argues the court

abused its discretion in doing so. We affirm.

Jones and appellee Austin Reddig divorced by decree in March 2020. The decree

incorporated a property settlement agreement, and Jones was awarded primary custody of

the parties' only child (M.C.) with Reddig receiving visitation every other weekend and two

days during the week. Jones and Drake married in September 2021.

In March 2022, Reddig moved for contempt and to modify custody, visitation, and

support and for an extension of time. He alleged that Jones had violated the divorce decree

and settlement agreement, that a material change of circumstances had occurred, and that the circuit court should extend the two-year deadline he had agreed upon to buy Jones's premarital residence. Reddig also filed an emergency ex parte motion to stay the two-year deadline and a notice of lis pendens on the residence.

In response, Jones filed multiple deposition notices and motions, five counterclaims, and an opposition to an appointment of an ad litem.

Reddig then moved to disqualify Drake, alleging Drake would likely be a necessary witness due to his role as a stepparent and his involvement in the day-to-day life of M.C. Reddig also alleged Drake had demonstrated a conflict of interest because his representation of Jones was inextricably entwined with his own personal interest in the case. Jones objected.

A hearing on the motion to disqualify was held on June 2, 2022. Drake testified for the limited purpose of determining whether his disqualification was warranted. Drake testified that Jones has full custody of M.C. He provides transportation for M.C. and has done visitation exchanges alone with Reddig. He testified that he plays a role in correcting M.C.'s bad behavior. When asked about whether his text messages to Reddig overlap as Jones's attorney and as a stepparent, he testified that it just depends on the context of the situation.

Jones, through her counsel, Drake, called Reddig as a witness, who testified that his interrogatories did not state that he planned to call Drake as a witness at the final hearing. He also testified that he has concerns about Drake's role as a stepfather and his being alone

with M.C. He testified he was confused at times whether Drake was talking to him as an attorney or a stepparent.

Last, Jones testified that she wanted Drake to continue as her attorney and that she understood he would not be able to act as a witness.

After receiving testimony and hearing arguments of counsel, the circuit court issued a ruling from the bench disqualifying Drake as Jones's attorney of record. The court issued a six-page written order giving two reasons for the disqualification. First, the circuit court applied Rule 3.7 of the Arkansas Rules of Professional Conduct and the factors outlined in *Weigel v. Farmers Insurance Co., Inc.*, 356 Ark. 617, 158 S.W.3d 147 (2004), and found it likely that Drake would be a necessary witness in the case. Second, the circuit court found that Drake's personal investment in the case amounted to a conflict of interest under Rule 1.7.

This court reviews a circuit court's decision to disqualify an attorney under an abuse-of-discretion standard. *Howard v. Baptist Health*, 2022 Ark. 214, at 4, 654 S.W.3d 809, 812. An abuse of discretion may be manifested by an erroneous interpretation of the law. *Id.* The Arkansas Rules of Professional Conduct are applicable in disqualification proceedings. *Id.* This court has noted that disqualification of an attorney is a necessary measure to protect and preserve the integrity of the attorney-client relationship; yet it is a drastic measure to be imposed only where clearly required by the circumstances. *Stanton v. State*, 2023 Ark. 81, at 5, 666 S.W.3d 68, 71.

Jones first challenges the court's disqualification of Drake under Arkansas Rule of Professional Conduct 3.7. Rule 3.7(a) provides: "A lawyer shall not act as advocate at a trial

3

in which the lawyer is likely to be a necessary witness unless: (1) the testimony relates to an uncontested issue; (2) the testimony relates to the nature and value of legal services rendered in the case; or (3) disqualification of the lawyer would work substantial hardship on the client. Comment 4 of Rule 3.7 suggests only that there need to be a reasonable foreseeability that the lawyer would be a witness.

Rule 3.7 applies to the situation in which the opposing party seeks to call counsel as a witness. *Weigel*, 356 Ark. 617, 158 S.W.3d 147. In addition, a three-part test was adopted to analyze whether disqualification was proper under those circumstances. *Id.* The opposing party must determine (1) that the attorney's testimony is material to the determination of the issues being litigated; (2) that the evidence is unobtainable elsewhere; and (3) that the testimony is or may be prejudicial to the testifying attorney's client. *Id.*

Jones argues it was not likely that Drake was going to be a necessary witness and that Drake's testimony does not meet the *Weigel* factors. He contends that Reddig did not show that Drake has any information that is truly necessary or would be relevant to anything in Reddig's motions. We disagree.

Drake is in the position of being the spouse of a party in a dispute that the circuit court referred to as "acrimonious and contested in every sense of the word." He is also the stepfather to the child at the heart of this dispute. Drake is involved in addressing coparenting disputes between the parties, at times blurring the role as an attorney and as a stepparent in his communication to Reddig, and he is involved in the day-to-day life of M.C., including correcting her behavior. Given these roles and interactions, he is uniquely situated

to provide material testimony as to what is in the best interest of M.C. and, ultimately, whether custody and support should be modified. His testimony as Jones's spouse and stepfather to M.C. is not obtainable elsewhere. Additionally, allegations raised in Reddig's motion for contempt occurred during Drake and Jones's marriage, which further supports the fact that his testimony may not be obtainable elsewhere. Last, given Drake's direct involvement not only in the coparenting disputes of Jones and Reddig but also in the care of M.C., it is reasonable that testimony may be elicited that is prejudicial to Jones.

Alternatively, Jones argues that the court should not have disqualified Drake from pretrial proceedings because Rule 3.7 applies only to trial. To support this argument, she relies on *Howard v. Baptist Health*, 2022 Ark. 214, 654 S.W.3d 809. In *Howard*, the court explained that "acting in a purely pretrial capacity implicates none of the policy concerns articulated in *Weigel* and its progeny." *Howard*, 2022 Ark. 214, at 5, 654 S.W.3d at 813. This argument, however, should have been presented to the circuit court for it to consider. Jones did not do so. It is well settled that the court will not consider arguments raised for the first time on appeal. *Olson v. Olson*, 2014 Ark. 537, 453 S.W.3d 128.

Regardless, concerning whether disqualification would work a hardship on Jones, the court's order properly provided, "No trial has been set in this matter, [Jones] has sufficient resources to obtain paid legal counsel, and there are numerous highly qualified family lawyers in the Central Arkansas area who could vigorously represent [Jones's] interests." Accordingly, it was not an abuse of discretion to disqualify Drake under Rule 3.7 and these unique facts.

Because we affirm the circuit court's ruling to disqualify Drake under Rule 3.7, we need not address Jones's remaining point on appeal regarding whether the disqualification was appropriate under Rule 1.7.

Affirmed.

GLADWIN and THYER, JJ., agree.

*Brett D. Watson, Attorney at Law, PLLC*, by: *Brett D. Watson*, for appellant.

*Fuqua Campbell, P.A.*, by: *Chris Stevens*, for appellee.