Cite as 2026 Ark. App. 278

# ARKANSAS COURT OF APPEALS
DIVISION I
No. CV-25-199

| | |
|---|---|
| MICHAEL G. HORN AND LESLIE HORN JOSEPH<br><br>APPELLANTS<br><br>V.<br><br>ELIZABETH DIANE JAMES<br>APPELLEE | Opinion Delivered May 6, 2026<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SECOND DIVISION<br>[NO. 60PR-23-1425]<br><br>HONORABLE CASEY R. TUCKER, JUDGE<br><br>REVERSED AND REMANDED |

**ROBERT J. GLADWIN, Judge**

This interlocutory appeal arises from the Pulaski County Circuit Court's order disqualifying appellants' counsel, William L. Owen, from representing appellants Michael Horn and Leslie Horn Joseph in a probate proceeding. Because the circuit court's ruling rests on speculation and an "appearance of impropriety" unsupported by proof of a violation of the Arkansas Rules of Professional Conduct or a properly pled conflict of interest, we reverse and remand.

I. *Facts and Procedural History*

The underlying litigation concerns the administration of the estate of L.D. Horn. Appellants and appellee Elizabeth James are the decedent's children and adverse parties in competing probate filings.

On July 30, 2024, attorney Virgil Young—who had previously prepared estate-planning documents for the decedent—was deposed pursuant to subpoena. At that deposition, Young was accompanied by attorney William Owen, who appeared as a courtesy to represent Young for purposes of the deposition only.

Following the deposition, Owen was retained by appellants and entered his appearance on August 13, 2024. James thereafter moved to disqualify Owen, alleging violations of Rules 1.7, 3.4, 4.2, and 7.3 of the Arkansas Rules of Professional Conduct and asserting an "appearance of impropriety."

After hearings, the circuit court granted the motion. The court expressly declined to find a direct violation of any rule but concluded that Owen's conduct created an "appearance of impropriety" and that he had the "opportunity" to access confidential information, amounting to an "indirect conflict."

This appeal followed.

II. *Standard of Review*

A circuit court's decision to disqualify an attorney is reviewed under an abuse-of-discretion standard. *See, e.g.*, *Stuart v. Walther*, 2024 Ark. 41, 686 S.W.3d 486; *Howard v. Baptist Health*, 2022 Ark. 214, 654 S.W.3d 809; *Turnbow v. Hiegel Bldg. Sols., LLC*, 2024 Ark. App. 438. An abuse of discretion occurs when the court acts improvidently, thoughtlessly, or without due consideration or when it misinterprets the law. *Howard*, *supra*.

Disqualification is a "drastic measure" that should be imposed only when clearly required by the circumstances. *Weigel v. Farmers Ins. Co.*, 356 Ark. 617, 158 S.W.3d 147

(2004). The burden rests on the moving party. *SEECO, Inc. v. Hales*, 334 Ark. 134, 969 S.W.2d 193 (1998); *Turnbow, supra.*

III. *Discussion*

A. No Violation of the Rules of Professional Conduct

The circuit court explicitly declined to find that Owen violated any rule of professional conduct. This finding is supported by the record.

James alleged violations of Rules 1.7, 3.4, 4.2, and 7.3. However, the record is devoid of evidence establishing the essential elements of any such violation.

Rule 1.7 covers conflicts of interest between current clients, providing as follows:

(a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:

(1) the representation of one client will be directly adverse to another client; or

(2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer,

(b) Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if:

(1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;

(2) the representation is not prohibited by law;

(3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and

(4) each affected client gives informed consent, confirmed in writing.

Rule 1.7 requires a concurrent conflict between current clients; James was not Owen's client and never alleged such a relationship. We see no issue under Rule 1.7 with Owen representing a party (here, appellants Horn and Joseph) and a nonparty factual witness (Young). As of now, their interests have not become adverse, but even if we were to assume that they were or could be, any conflict can be waived by those individuals. It is undisputed that James is not represented by Owen, so she could not be a party to any potential conflict by Owen's representation of the above-named individuals.

Rule 3.4 requires obstruction of access to evidence, as follows:

A lawyer shall not:

(a) unlawfully obstruct another party's access to evidence or unlawfully alter, destroy or conceal a document or other material having potential evidentiary value. A lawyer shall not counsel or assist another person to do any such act;

(b) falsify evidence, counsel or assist a witness to testify falsely, or offer an inducement to a witness that is prohibited by law;

(c) knowingly disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists;

(d) in pretrial procedure, make a frivolous discovery request or fail to make reasonably diligent effort to comply with a legally proper discovery request by an opposing party;

(e) in trial, allude to any matter that the lawyer does not reasonably believe is relevant or that will not be supported by admissible evidence, assert personal knowledge of facts in issue except when testifying as a witness, or state a personal opinion as to the justness of a cause, the credibility of a witness, the culpability of a civil litigant or the guilt or innocence of an accused; or

(f) request a person other than a client to refrain from voluntarily giving relevant information to another party unless:

(1) the person is a relative or an employee or other agent of a client; and

(2) the lawyer reasonably believes that the person's interests will not be adversely affected by refraining from giving such information.

James has not alleged that Owen did anything or failed to do anything that was either required or prohibited by Rule 3.4. The record before us supports that Owen's representation of Young was for the sole purpose of the July 30 deposition. Moreover, we find no merit to James's speculative argument regarding an alleged violation of Rule 3.4 that Owen had "most likely reviewed Mr. Young's file with him to prepare for his appearance at his deposition and instructed on the items to be delivered of [her] attorney."

Aside from the purely speculative nature of the allegation, *see Park Apartments at Fayetteville, LP v. Plants*, 2018 Ark. 172, 545 S.W.3d 755, James overlooks that the subpoena duces tecum specified the four items to be produced and that Owen produced them.

Rule 4.2 concerns improper communication with a person represented by counsel, and provides, in pertinent part:

(a) In representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized to do so by law.

Nowhere in James's argument that Owen violated Rule 4.2 does she allege that he did anything to prevent her attorneys from communicating with Young or failed to do anything required by Rule 4.2, or that James's attorneys were prevented from communicating

5

with Young. Her allegation that Owen violated Rule 4.2 is supported by neither statement of fact nor citation to authority and amounts to nothing more than speculation because no evidence before us demonstrated that Owen interfered with communications.

Rule 7.3 requires the improper solicitation of clients, and provides in pertinent part:

(a) A lawyer shall not by in-person, live telephone or real-time electronic contact solicit professional employment when a significant motive for the lawyer's doing so is the lawyer's pecuniary gain.

James has acknowledged that she does not know the circumstances by which Owen came to represent Young or appellants. And no evidence in the record before us supports that Owen solicited professional employment. Arkansas courts have repeatedly held that while the Arkansas Rules of Professional Conduct inform disqualification decisions, a violation must be supported by facts. *See Howard*, *supra*; *SEECO*, *supra*.

In conclusion, we hold that the circuit court correctly recognized that no rule violation was proved. Having done so, it nonetheless erred in ordering disqualification.

B. No Conflict of Interest—Direct or Imputed—Was Pled or Proved

The circuit court relied in part on an "indirect conflict" on the part of Owen. However, the record reflects that no such conflict was properly pled or proved. Disqualification based on conflict of interest requires evidence of either a concurrent or successive representation conflict under Arkansas Rules of Professional Conflict 1.7 or 1.9; or an imputed conflict under Rule 1.10. No such theory was developed here. James failed to establish that (1) Owen represented adverse clients; (2) Owen possessed confidential information from a former client; or (3) any imputation principles applied. To the contrary,

6

the evidence before us supports that Owen's representation of Young was limited to the deposition and concluded before his representation of appellants began.

Arkansas precedent requires actual knowledge or access to confidential information; mere speculation will not suffice. *Norman v. Norman*, 333 Ark. 644, 970 S.W.2d 270 (1998); *Burnette v. Morgan*, 303 Ark. 150, 794 S.W.2d 145 (1990).[1] Because no actual conflict or imputed conflict was pled or proved with respect to Owen's representation of Young and appellants, we hold that disqualification on this basis cannot stand.

C. Circuit Court's Improper Reliance on "Appearance of Impropriety"

The circuit court's ruling ultimately rested on its finding of an "appearance of impropriety." Although Arkansas courts have occasionally referenced this concept, it is not the currently preferred standard as an independent basis for disqualification absent supporting facts.

The Arkansas Supreme Court has cautioned that disqualification should not be based on speculation or mere doubts about propriety. *Burnette*, *supra*. Similarly, our supreme court has recognized that the Arkansas Rules of Professional Conduct are not designed to be used as procedural weapons. *See Berry v. Saline Mem'l Hosp.*, 322 Ark. 182, 907 S.W.2d 736 (1995)

---

[1]We note that in *Park Apartments*, *supra*, the Arkansas Supreme Court was presented a challenge to an attorney disqualification pursuant to Rules 1.0 and 1.9. The court acknowledged that both *Norman* and *Burnette* held that actual knowledge was required for an attorney's disqualification but overruled both *Norman* and *Burnette* to the extent that they held it was the challenged attorney who had to prove no access to the information.

7

(decided before the adoption of Arkansas Rules of Professional Conduct in 2005 and noting that Arkansas was one of only three states retaining the appearance-of-impropriety standard).

More recent authority reflects a continued narrowing of reliance solely on appearance as a basis for disqualification. In *Turnbow*, *supra*, this court reiterated that disqualification requires a concrete showing of exactly how and why an attorney's representation of the clients is problematic, not mere conjecture of an appearance of impropriety standing alone.

Here, the circuit court's reasoning—that counsel had the "opportunity" to gain information—rests on speculation rather than evidence. We hold that mere speculation that Owen could have accessed information is insufficient. Accordingly, reliance on appearance alone—without proof of a rule violation or actual conflict—is too speculative to support disqualification.

IV. *Conclusion*

Arkansas courts recognize that disqualification of counsel interferes with a party's right to counsel of choice and should be imposed sparingly. *See Floyd v. State*, 2016 Ark. 264, 495 S.W.3d 82. This concern is especially significant where, as here (1) the moving party (James) failed to meet the relevant burden of proof; (2) no ethical violation was proved; and (3) the circuit court's ruling was based on speculative concerns of an appearance of impropriety standing alone. As such, we hold that the circuit court's ultimate decision in favor of disqualifying Own does not reflect the careful balancing required under Arkansas law. Although the circuit court correctly found that no violation of the Arkansas Rules of Professional Conduct was proved, it erred in disqualifying Owen on the basis of an unpled

8

and unsupported "indirect conflict" and a speculative "appearance of impropriety." Because Arkansas law requires a concrete evidentiary basis for disqualification, we hold that the circuit court abused its discretion and that the order disqualifying Owen cannot stand.

Reversed and remanded.

KLAPPENBACH, C.J., and HIXSON, J., agree.

*William L. Owen, P.A.*, by: *William L. Owen*, for appellants.

*Sammie P. Strange, Jr.*; *Lyle D. Foster*; and *Lori L. Holzwarth*, for appellee.